MILLS, Chief Judge.
The Special Disability Trust Fund (Fund) appeals from a determination that the sixty-day period during which the employer/carrier (E/C) was required to file an application for hearing from the denial of a claim for reimbursement did not run because the Fund engaged in positive action upon which the E/C reasonably relied in not seeking a hearing within the time required. We reverse.
Section 440.49(2)(g), Florida Statutes, provides, in pertinent part:
If the Special Disability Trust Fund through its representative denies or controverts the claim, the right to such reimbursement shall be barred unless an application for a hearing thereon is filed with the Division at Tallahassee within sixty (60) days after notice to the employer or carrier of such denial or controversion.
It is undisputed that the Fund denied a claim for reimbursement by letter dated 14 September 1978 which was received by the E/C on 19 September 1978. An assistant supervisor at Aetna Casualty and Surety Company, the carrier, testified that she called the Fund on 2 October 1978 and talked to the Fund’s attorney. The attorney is reported to have said that she was missing a portion of the file and that actually three files had been set up using different names or spellings for the claimant. She requested that Aetna send copies of documents that were missing. On that same day the supervisor sent the requested documents with a cover letter saying as follows:
This will acknowledge receipt of your most recent correspondence dated September 14, 1978 in reference to the above captioned file.
Please be advised that we have completely reviewed our file and did find that the Judge of Industrial Claims did find that the employer was aware of the claimant’s pre-existing disabilities and a merger was found to have occurred.
Please review the file again and let us have your thoughts. I am enclosing a copy of Judge William Johnson’s informal ruling for your review.
The next communication was a letter by the E/C to the Fund on 4 April 1979 inquiring as to the “present status of our pending claim.” The supervisor testified that on 30 October 1979 a representative of the Fund called and said that the correspondence sent the previous October had not been received. Finally, on 18 February 1980 the Fund’s attorney wrote in response to the April 1979 inquiry by informing Aetna that since no hearing was requested within sixty days of receipt of a denial of the claim, the file was “now and forever dead.” At the hearing *383 Aetna’s supervisor testified that she relied on the ongoing correspondence, communications, and negotiations with the Fund in not setting the claim down for hearing.
In ruling in the E/C’s favor, the Deputy-Commissioner entered the following finding:
5. I find that there is no issue that the employer/carrier notified the SPECIAL DISABILITY TRUST FUND, of the State of Florida, of the claim for reimbursement and that the SPECIAL DISABILITY TRUST FUND denied the claim by letter of September 14, 1978, which was received by the AETNA CASUALTY AND SURETY COMPANY on September 19, 1978. Thereafter, based on the testimony of Ms. Bonnie Weidman, which I accept, as well as the notes and correspondence in the file of .the SPECIAL DISABILITY TRUST FUND, I find that continuing negotiations occurred and that the AETNA CASUALTY AND SURETY COMPANY had good cause to believe that the denial of the SPECIAL DISABILITY TRUST FUND was recanted based on the fact that the SPECIAL DISABILITY TRUST FUND stated that there was some confusion in the file and that there were three (3) different file names and invited the AET-NA CASUALTY AND SURETY COMPANY, to forward additional information. Thereafter, in fact, the AETNA CASUALTY AND SURETY COMPANY, in support of their belief that negotiations were continuing and ongoing, sent additional correspondence and material to the SPECIAL DISABILITY TRUST FUND and the FUND never advised that they considered the sixty (60) day time period to be running. Thus, I find that the SPECIAL DISABILITY TRUST FUND engaged in positive action upon which the employer/carrier reasonably relied in not seeking a hearing within the sixty (60) days from the date of the original denial of the claim, and thus, the sixty (60) day period for the employer/carrier to file an Application for Hearing did not run.
We disagree. A review of the record reveals to us no competent substantial evidence to support a finding that any negotiations had occurred. The only communications of any kind between the Fund and the E/C which occurred during the sixty-day period during which a hearing was to be applied for was the one phone call followed by the one letter requesting the Fund to review the file again.
The doctrine of equitable estoppel is rarely applied against state action, North American Company v. Green, 120 So.2d 603 (Fla.1959), but may be applied where there are special circumstances and some positive act on the part of an officer of the state. Gay v. Inter-County Tel. and Tel. Co., 60 So.2d 22 (Fla.1952).
While we recognize the principles urged by the E/C, we find them of no avail under the particular facts of this case. Even accepting the testimony that the Fund’s attorney requested copies of certain documents, we fail to see that the Fund's attorney indicated in any way that the denial of the claim was recanted or in any other way took positive action that could conceivably estop the Fund to assert the statute of nonclaim, Section 440.49(2)(g).
Accordingly, this cause is REVERSED.
JOANOS, J., and OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.