PER CURIAM.
In this workers’ compensation case, the Special Disability Trust Fund of the State Department of Labor and Employment Security (Fund) appeals the deputy commissioner’s finding that the Fund is equitably estopped from contesting the employer/carrier’s claim for reimbursement under Section 440.49(5)(f), Florida Statutes (1978 Supp.). Likewise, appellant argues that the deputy erred by ordering the Fund to provide reimbursement. We reverse.
The essential facts are undisputed. The appellee, employer/carrier (e/c), was defending an employee’s claim for workers’ compensation benefits based on an alleged injury of June 10, 1979. In January 1981, appellee’s attorney discussed the case on the telephone with an attorney for appellant and asked if the appellee could obtain reimbursement from the Fund if it paid a total of $3,000 to settle the claim, in view of the provision of Section 440.49(5)(f)l that reimbursement would not be allowed unless “the total amount otherwise reimbursable to the employer with respect to any case is $3,000 or more . .. . ” Appellant’s attorney replied that it was his understanding that the e/c could obtain reimbursement if a total of $3,000 was paid. Appellee then paid the $3,000 to the claimant in settlement of his claim and filed a claim for reimbursement from the Fund. The Fund denied reimbursement on the claim, relying on the statute.
The doctrine of equitable estoppel is rarely applied against state action, North American Co. v. Green, 120 So.2d 603 (Fla. 1959), but may be applied where there are special circumstances and some positive act on the part of an officer of the state. Gay v. Inter-County Tel. & Tel. Co., 60 So.2d 22 (Fla.1952). In order to raise an estoppel against the state there must be (1) a representation by the party estopped to the party claiming the estoppel as to some material fact, (2) a reliance upon the representation by the party claiming the estoppel, and (3) a change in such party’s position caused by his reliance upon the representation to his detriment. 22 Fla.Jur.2d, Estoppel and Waiver § 80 (1980); Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA 1979). The record before us does not reveal competent substantial evidence to support a finding that the above requirements have been satisfied. See Special Disability Trust Fund v. Aetna Casualty & Surety Co., 397 So.2d 381 (Fla. 1st DCA 1981). First, no claim for reimbursement had been filed against the Fund at the time the conversation occurred. Second, the oral response given by the Fund’s attorney could hardly be viewed as anything more than a legal interpretation of the effect of the statute, not an affirmative representation by the Fund.[1]
Accordingly, we REVERSE and REMAND to the deputy commissioner for further consideration on the merits.
McCORD, ERVIN and JOANOS, JJ., concur.

. Indeed, the attorney for the e/c testified that the sole purpose of the telephone call was to obtain the Fund’s interpretation of the statute to aid him in determining whether to do any further research on the question.