508 So.2d 1305 (1987)
ASSOCIATED COCA COLA and Liberty Mutual Insurance, Appellants,
v.
SPECIAL DISABILITY TRUST FUND, Appellee.
No. BP-104.
District Court of Appeal of Florida, First District.
June 17, 1987.
Elizabeth C. Wheeler, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Orlando, for appellants.
Mary E. Ingley, Tallahassee, for appellee.
MILLS, Judge.
The issue in this workers' compensation appeal is whether proceedings to contest denial of reimbursement requests made pursuant to section 440.49(2)(g), Florida Statutes (1985), must be commenced within the four-year limitations period of section 95.11(3)(f), Florida Statutes (1985). We conclude they must and, with modification, affirm the order appealed.
Felix Kresky was injured in a compensable industrial accident in 1972. Sometime prior to 29 July 1975, the employer/carrier (e/c) requested reimbursement from the Special Disability Trust Fund (Fund) for a portion of certain benefits paid the claimant by the e/c. This request resulted in reimbursement to the e/c by the Fund in the amount of $3,055.
The e/c made no further requests for reimbursement until 4 October 1985, when they submitted a reimbursement request for $2,579. based on benefits paid after 29 July 1975. The Fund denied the request, stating that the file in the matter had been closed for more than ten years and had since been destroyed, and that the statute of limitations had apparently expired. The *1306 e/c challenged this denial by requesting, on 3 January 1986, a hearing before a deputy commissioner.
Following the hearing, the deputy entered the order appealed. In it, he concluded in material part that any claim for reimbursement based on benefits paid more than four years prior to 3 January 1986 was barred by the four-year limitations period of section 95.11(3)(f), Florida Statutes.
The e/c contend the deputy erred in applying section 95.11(3)(f) to bar the proceeding to contest the Fund's denial of the 1985 reimbursement request. They assert that the only time limitation pertaining to reimbursement from the Fund is the limitation in section 440.49(2), Florida Statutes, barring an e/c from seeking reimbursement from the Fund unless the notice of claim for reimbursement is filed "prior to 60 days after the order awarding the excess permanent compensation with respect to which such reimbursement is claimed becomes final or, if payment of such excess permanent compensation is made by the employer or carrier without an award, prior to 60 days after the date the first payment of excess compensation for the permanent disability was made." After the initial claim is filed and a determination is made that the e/c are entitled to reimbursement in some amount, the e/c argue, there is no time limitation on subsequent requests for reimbursement of specific amounts.
We note initially that it is important to distinguish between a "notice of claim" and a "reimbursement request" as those terms are used in section 440.49(2)(g). The notice of claim is the first step in obtaining reimbursement from the Fund. The filing of a notice of claim is intended to result in a determination by the Fund that the e/c are or are not entitled to reimbursement in some amount. The notice of claim must be filed within one of the 60-day periods specifically provided for in section 440.49(2)(g).
In contrast, reimbursement requests are filed after the Fund determines the e/c are entitled, generally, to reimbursement. These requests are the second step in the reimbursement process, and their purpose is to trigger reimbursement for specific amounts of compensation and medical benefits paid the injured employee by the e/c. Section 440.49(2)(g) places no time limitation on the filing of reimbursement requests. The statute simply provides that after entitlement to reimbursement is determined, the e/c "shall be reimbursed periodically every six months from the [Fund] for the compensation and medical benefits paid by the employer or carrier for which the employer or carrier is entitled to reimbursement, upon filing request therefor and submitting evidence of such payment in accordance with rules prescribed by the division."[1] (Emphasis supplied).
Although we recognize that section 440.49(2)(g) does not limit the time for filing reimbursement requests, and we have found no other applicable limitations period in Chapter 440, we nevertheless decline to accept the e/c's assertion that reimbursement requests are not subject to any statute of limitations. In those cases where the Fund has an obligation to reimburse an e/c, that obligation is strictly a creature of section 440.49, Florida Statutes. Thus, an e/c's request for a hearing before a deputy commissioner to contest a denial of reimbursement from the Fund is an action founded on a statutory liability. And section 95.11(3)(f), Florida Statutes (1985), provides that an action founded on a statutory liability shall be commenced within four years. Section 95.031, Florida Statutes (1985), provides generally that the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues. It therefore follows that section 95.11(3)(f) bars a proceeding to contest the denial of a reimbursement request if the request for that proceeding is made more than four years after the cause of action accrued.[2]
*1307 The question then becomes when do requests for specific reimbursements mature into accrued causes of action for purposes of section 95.11(3)(f), Florida Statutes? The deputy, by concluding that any request for reimbursement for benefits paid by the e/c more than four years prior to the date the e/c requested a hearing on the denial of their reimbursement request was time barred, implicitly ruled that a cause of action for reimbursement accrues when the e/c pay benefits to the injured employee that the e/c contend are subject to reimbursement by the Fund. We reject this interpretation, however, because, at the time an e/c pay allegedly reimbursible benefits to the injured employee, the e/c have no way of knowing whether their subsequent reimbursement request for those benefits will be granted or denied by the Fund.
The e/c contend that even if section 95.11(3)(f) applies to their right to reimbursement from the Fund, the four-year period does not begin to run until the Fund has actually denied a reimbursement request. This, they contend, is consistent with the general legal principle that a cause of action does not accrue until someone has been damaged by the acts complained of. See Penthouse North Association, Inc. v. Lombardi, 461 So.2d 1350 (Fla. 1984). We reject this interpretation. First, such an interpretation would require the Fund to act on the merits of all reimbursement requests without regard to when they are made after general entitlement to reimbursement has been established. The Fund would be forced to maintain its files and investigate the merits of reimbursement requests indefinitely. Second, the e/c's accrual theory ignores the fact that section 440.49(2)(g) requires the Fund to reimburse an e/c every six months upon the filing by the e/c of a reimbursement request. Thus, the e/c are presumably on notice at the end of each six-month interval that reimbursement requests for that interval have either been accepted or rejected. If, at the end of a six-month interval, the e/c have not been reimbursed for benefits paid in that interval for which they are entitled to and have properly requested reimbursement, they have, theoretically at least, suffered damage.
The Fund suggest, and we agree, that a cause of action based on denial of a reimbursement request accrues at the end of each six-month interval of periodic reimbursement provided for in section 440.49(2)(g), Florida Statutes, as to benefits paid by the e/c in that six-month interval. Such an interpretation should prevent the stale assertion of entitlement to specific amounts of reimbursement, while providing the e/c a reasonable and ascertainable time to file reimbursement requests and, if necessary, contest their denial.
We therefore modify the order appealed to state that any proceeding to contest denial of a reimbursement request, based on benefits paid by the e/c during any six-month intervals designated in section 440.49(2)(g), that ended more than four years prior to the date the e/c requested the proceeding, is barred by section 95.11(3)(f), Florida Statutes.
As modified, we AFFIRM the order appealed.
WENTWORTH and BARFIELD, JJ., concur.
NOTES
[1] The relevant rules prescribed by the Division of Workers' Compensation are contained in Chapter 38F-10, Florida Administrative Code. None of them provides for a time limitation on the filing of reimbursement requests.
[2] We believe this to be a case for application of the general rule that a general statute of limitations may be applied to administrative proceedings in the absence of a specially applicable statute of limitations. See 2 Am.Jur.2d Administrative Law § 322 (1962); cf. Rebich v. Burdine's, 417 So.2d 284 (Fla. 1st DCA), review denied, 424 So.2d 762 (Fla. 1982) (treating physician's claims for payment for services rendered to workers' compensation claimant governed by section 95.11(3)(k), Florida Statutes).