KAHN, Judge.
This case involves application of the four-year statute of limitations to the claim of an employer for reimbursement from the Special Disability Trust Fund (Fund). The Judge of Compensation Claims (JCC) did not follow the controlling precedent and we must therefore reverse.
Appellee Orange County Board of Commissioners submitted the reimbursement request here at issue on July 8, 1988. Several days later the Fund returned the request to the employer stating that the Fund had tentatively arrived at a reimbursement figure for physicians fees, but some copies of bills were illegible. The Fund requested the employer to resubmit legible copies to substantiate the amount claimed. The Fund also noted that rehabilitation expenses were not reimbursable for dates after June 30, 1983. Shortly after this the employer resubmitted copies of the bills requested. On January 1, 1989, the Fund advised that the reimbursable total had been adjusted upward and again stated that rehabilitation would not be reimbursable. Because the reimbursement request as submitted was not in final form, the Fund returned the request and asked the employer to initial the changes and resubmit it.
As of November 8, 1990, more than two years after the initial request, the employer had still taken no further action, so the Fund wrote again requesting the employer to make proper changes to its request. On October 14, 1993, the Fund advised the employer of the untimeliness of some of the benefits that had been paid out on the claim. On June 6, 1994, Orange County filed an application for hearing on its reimbursement from the Fund, and on July 26,1994, Orange County actually filed the initialed and corrected reimbursement form for July 8,1988.
At the hearing the Fund argued that the request for hearing on the July 8, 1988, request was untimely. The JCC, however, found that despite the four-year statute of limitations established by this court in Associated Coca Cola v. Special Disability Trust Fund, 508 So.2d 1305 (Fla. 1st DCA 1987), that “no cause of action arose for which the Statute of Limitations would begin to run.” The JCC reasoned that the Fund never denied reimbursement of the July 8, 1988 request, and in effect always agreed that at least a portion of the request was reimbursable. According to the JCC, the Fund never actually denied the request until 1994 and then only on statute of limitations grounds.
On appeal the Fund argues that a cause of action for reimbursement accrues every six months pursuant to section 440.49(2)(g), Florida Statutes (1981), and it is not necessary for the Fund to expressly deny each reimbursement request. In Associated Coca Cola, this court decided that reimbursement requests made pursuant to section 440.49(2)(g) must be commenced within the four-year statute of limitations period of section 95.11(3)(f), Florida Statutes (1985). We held that, for purposes of the statute of limitations, the action is commenced when the employer files a request for hearing to contest a denial of reimbursement. The court stated, “it therefore follows that section 95.11(3)(f) bars a proceeding to contest the denial of a reimbursement request if the request for that proceeding is made more than four years after the cause of action accrued.” 508 So.2d at 1306.
In the present case, the JCC avoided Associated Coca Cola by holding that no cause of action accrued because the Fund did not expressly deny the request for reimbursement. This court, however, seems to have anticipated this position in Associated Coca Cola when it asked the question, “[Wjhen do requests for specific reimbursements mature into accrued causes of action for purposes of (the statute of limitations)?” 508 So.2d at 1307. This court answered its own question as follows:
1) The four year period does not require an actual denial of reimbursement by the Fund. Instead, “the e/c are presumably on notice at the end of each six-month interval that reimbursement requests for that interval have either been accepted or rejected. If, at the end of a six-month interval, the e/c have not been reimbursed for benefits paid in that interval for which they are *1370 entitled to and have properly requested reimbursement, they have, theoretically at least, suffered damage.” Id.
2) “[A] cause of action based on denial of a reimbursement request accrues at the end of each six-month interval of periodic reimbursement provided for in section 440.49(2)(g), Florida Statutes, as to benefits paid by the e/e in that six-month interval.” Id
Accordingly, the court held that any request for hearing to contest denial of a reimbursement request, based on benefits paid by the employer during any six-month interval that ended more than four years prior to the date the employer requested the proceeding is barred by section 95.11(3)(f). This holding is fatal to Orange County’s reimbursement request for July 8, 1988. No delay was attributable to the Fund. For unknown reasons the employer simply never responded to the Fund’s request to submit a corrected reimbursement form. As the Fund now argues, the reimbursement was denied in a literal sense, because it was not paid and the reimbursement request was returned to Orange County for completion. The JCC’s interpretation here allowed assertion of a stale claim, which directly contravenes the underlying policy considerations set out by this court in Associated Coca Cola. 508 So.2d. at 1307.
REVERSED.
BARFIELD, C.J., and ERVIN, J., concur.