788 So.2d 362 (2001)
Rolando JACOBO, Appellant,
v.
BOARD OF TRUSTEES OF the MIAMI POLICE, etc., Appellee.
No. 3D00-3368.
District Court of Appeal of Florida, Third District.
June 20, 2001.
Rehearing and Certification of Question Denied July 18, 2001.
*363 Richard A. Sicking, Coral Gable, for appellant.
Robert D. Klausner and Stuart A. Kaufman and Adam P. Levinson (Plantation), for appellee.
Before JORGENSON, GODERICH, and FLETCHER, JJ.
PER CURIAM.
Rolando Jacobo appeals from the Board of Trustees' final administrative order forfeiting his retirement benefits. We affirm.
In August 1997, Jacobo, a former police officer with the City of Miami Police Department, was convicted of official misconduct, a felony, for falsely reporting on an arrest affidavit that a suspect who was shot by another officer was carrying a gun at the time. His conviction was affirmed by this court. Jacobo v. State, 731 So.2d 159 (Fla. 3d DCA 1999).
The Board of Trustees subsequently brought pension forfeiture proceedings against Jacobo and held an administrative hearing. The Board determined that because *364 Jacobo was convicted of a specified offense under section 112.3173(2)(e)6, Florida Statutes (1992), forfeiture of his pension rights was warranted. This appeal follows.
Jacobo first argues that his pension benefits cannot be forfeited under section 112.3173(2)(e)6[1] because that section is ejusdem generis of embezzlement, theft, and bribery, none of which is the charge on which he was convicted. See, e.g., Green v. State, 604 So.2d 471, 473 (Fla. 1992) ("Under the doctrine of ejusdem generis, where an enumeration of specific things is followed by some more general word, the general word will usually be construed to refer to things of the same kind or species as those specifically enumerated"). The doctrine of ejusdem generis is applicable only where there is some ambiguity or inconsistency in the statute. See Pottsburg Utilities, Inc. v. Daugharty, 309 So.2d 199, 201 (Fla. 1st DCA 1975). Because section 112.3173(2)(e)6 is neither vague nor ambiguous, it does not require statutory construction and the doctrine of ejusdem generis is not applicable. See Baker v. State, 636 So.2d 1342, 1343 (Fla. 1994). Jacobo's actions constituted a breach of the public trust forbidden by the plain wording of section 112.3173(2)(e)6.[2]See Newmans v. Division of Retirement, 701 So.2d 573 (Fla. 1st DCA 1997).
Jacobo alternatively attacks the constitutionality of section 112.3173(2)(e)6 by arguing that it is not authorized by Article II, section 8(d) of the Florida Constitution. We disagree. Article II, section 8(d) of the Florida Constitution provides that, "[a]ny public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law." The legislature defined "breach of the public trust" in Section 112.312(3), Florida Statutes (1992), as follows:
"Breach of the public trust" means a violation of a provision of the State Constitution or this part which establishes a standard of ethical conduct, a disclosure requirement, or a prohibition applicable to public officers or employees in order to avoid conflicts between public duties *365 and private interests, including, without limitation, a violation of s. 8, Art. II of the State Constitution or of this. part.
Thus, it is a breach of the public trust to violate any standard of ethical conduct in Chapter 112, including section 112.3173(2)(e)6, which proscribes the commission of a felony with intent to defraud the public to gain an advantage for himself or someone else through the use of his office. Official misconduct[3] is clearly a breach of the public trust, and the pension board's conclusion that it is so is
AFFIRMED.
NOTES
[1] "Specified offense" is defined in section 112.3173(2)(e) as follows:

1. The committing, aiding, or abetting of an embezzlement of public funds;
2. The committing, aiding, or abetting of any theft by a public officer or employee from his or her employer;
3. Bribery in connection with the employment of a public officer or employee;
4. Any felony specified in chapter 838, except ss. 838.15 and 838.16;
5. The committing of an impeachable offense; or
6. The committing of any felony by a public officer or employee who, willfully and with intent to defraud the public or the public agency for which the public officer or employee acts or in which he or she is employed of the right to receive the faithful performance of his or her duty as a public officer or employee, realizes or obtains, or attempts to realize or obtain, a profit, gain, or advantage for himself or herself or for some other person through the use or attempted use of the power, rights, privileges, duties, or position of his or her public office or employment position.
[2] Section 112.3173(2)(e)6 provides:

The committing of any felony by a public officer or employee who, willfully and with intent to defraud the public or the public agency for which the public officer or employee acts or in which he or she is employed of the right to receive the faithful performance of his or her duty as a public officer or employee, realizes or obtains, or attempts to realize or obtain, a profit, gain, or advantage for himself or herself or for some other person through the use or attempted use of the power, rights, privileges, duties, or position of his or her public office or employment position.
[3] "Official misconduct," as defined in section 839.25(1), Florida Statutes (1991), "means the commission of the following act by a public servant, with corrupt intent to obtain a benefit for himself or herself or another or to cause unlawful harm to another: knowingly falsifying, or causing another to falsify, any official record or official document."