WOLF, J.
This is a timely appeal from an order of the Judge of Compensation Claims (JCC) determining the employer/carrier (e/c) is entitled to reimbursement from the Special Disability Trust Fund (Fund). The Fund raises two issues on appeal: 1) whether the JCC erred when she did not apply the four-year statute of limitations contained in section 95.11(3), Florida Statutes, to ap-pellees’ claim for reimbursement pursuant to section 440.49, Florida Statutes; and 2) whether the JCC erred in finding that the Fund had waived the applicable statute of limitations. We affirm.
The following facts are pertinent to the issues raised. The original injury to the claimant occurred on June 16, 1989. The e/c filed a timely notice of claim. A proof of claim was filed on March 6, 1996. This proof of claim was reviewed on August 15, 1996, and a letter requesting more information was sent by Fund counsel. The e/c responded to this request on October 18, 1996, and Fund counsel requested a pay history on December 20, 1996. No reply was received to this request. On September 20, 2000, the Fund sent a letter to the e/c, requesting that the e/c inform the Fund of whether it intended to pursue the claim. No response was received by the Fund until April 7, 2004, when counsel for the e/c filed a notice of appearance. On July 20, 2004, the e/c was informed by the Fund that the claim was barred.
There is no dispute that the Fund claim at issue was timely filed within the *748 two-year limitations period specifically set forth in section 440.49(2)(g), Florida Statutes (1989). The Fund argues, however, that the four-year limitations period of section 95.11(3)(f), Florida Statutes, applicable to actions founded on “statutory liability,” applies to bar the claim because all proof required from the e/c in support of the claim was not submitted to the Fund within four years.
In Associated Coca Cola v. Special Disability Trust Fund, 508 So.2d 1305 (Fla. 1st DCA 1987), this court described the request for reimbursement from the Fund as a two step process. The first step was described as follows:
The notice of claim is the first step in obtaining reimbursement from the Fund. The filing of a notice of claim is intended to result in a determination by the Fund that the e/c are or are not entitled to reimbursement in some amount.
Id. at 1306. The court determined that section 440.49(2)(g), Florida Statutes (1985), the same provision at issue in the instant case, prescribed filing requirements for notice of claims. The court described the second step of the process as follows:
In contrast, reimbursement requests are filed after the Fund determines the e/c are entitled, generally, to reimbursement. These requests are the second step in the reimbursement process, and their purpose is to trigger reimbursement for specific amounts of compensation and medical benefits paid the injured employee by the e/c. Section 440.49(2)(g) places no time limitation on the filing of reimbursement requests.
Id. The court went on, however, to determine that the general statute of limitations was applicable to the second step: “[A]n e/c’s request for a hearing before a deputy commissioner to contest a denial of reimbursement from the Fund is an action founded on a statutory liability.” Id. Thus, the court found that the four-year limitations period contained in section 95.11(3)(f), Florida Statutes (1985), is applicable to the second step of the process.
In the instant case there is no question that the notice of claim was timely filed. The first step, however, has never been completed. No request for specific reimbursement could be filed as the entitlement to any reimbursement had not been determined prior to the order which is presently on appeal.
The filing of the proof of claim does not institute a separate cause of action. Instead, there is only one cause of action for entitlement to reimbursement from the Fund, followed by a second cause of action for the amount of that reimbursement (the “request” for reimbursement) if the Fund approves the initial claim. Proof of claim is nothing more than evidence required or requested in support of the initial claim for reimbursement filed by an e/c.
We decline, as did the JCC, to adopt additional statutes of limitations for the first step in the reimbursement process. The JCC specifically found that there is no statute of limitations applicable to bar a pending claim. This principle applied by the JCC is consistent with applicable law, “that the requirement of the Florida statute of limitations is met when an action is commenced within the applicable limitations period.... ” Pratt v. Durkop, 356 So.2d 1278, 1280 (Fla. 2d DCA 1978).
In light of our holding it is unnecessary to reach the second issue raised by appellant. The order of the JCC is AFFIRMED.
BARFIELD and BROWNING, JJ., concur.