943 So.2d 298 (2006)
SPECIAL DISABILITY TRUST FUND, Appellant,
v.
PALM BEACH COUNTY SCHOOL DISTRICT, F.A. Richard & Associates, Inc., Appellees.
No. 1D06-1910.
District Court of Appeal of Florida, First District.
December 6, 2006.
Cynthia A. Shaw, Tallahassee, for Appellant.
Walter E. Beisler of Beisler & Beisler, West Palm Beach, for Appellees.
BROWNING, C.J.
Appellant challenges a ruling that, despite the untimeliness of the Employer/Carrier's (E/C) request for a hearing on the denial of a 1999 request for reimbursement, Appellant had made a counter-offer to resolve the request, the acceptance of *299 which rendered irrelevant the expiration of the limitations period. Because no contract was formed before the limitations period expired, we reverse.
This case had its genesis when, on May 2, 1987, an employee not party to this case was injured at work. The accident was deemed compensable and, on February 16, 1999, E/C filed an SDF-2 reimbursement request form with Appellant. On September 19, 2003, Appellant returned the SDF-2 with "discrepancies" noted, and asked E/C to "please initial the changes . . . and return." E/C did so on October 21, 2004. In November 2004, Appellant denied the request as untimely.
On October 17, 2005, E/C moved to set a hearing on the matter. After the hearing, the Judge of Compensation Claims concluded that the request for a hearing was untimely, but found that the 2003 letter from Appellant constituted a counter-offer to resolve the request, and that the 2004 letter from E/C was an acceptance that formed a binding contract, and ordered reimbursement.
We disagree that this exchange supplanted the ordinarily applicable statute of limitations. The 2003 letter did not indicate a contract or offer, nor did it mention the limitations period; to the contrary, it explicitly stated that the form "ha[d] not yet been approved for payment." Moreover, it was written before the limitations period lapsed, and so the October 21, 2004, letter, written after the limitations period lapsed, could not have constituted acceptance of an offer to extend the limitations period. We find Special Disability Trust Fund v. Aetna Casualty & Surety Co., 397 So.2d 381 (Fla. 1st DCA 1981), review denied, 402 So.2d 607 (Fla.1981), to be factually analogous.
In the absence of a contract, the statute of limitations is four years from the end of each interval of periodic reimbursement. See § 95.11(3)(f), Fla. Stat. (1999); Associated Coca Cola v. Special Disability Trust Fund, 508 So.2d 1305 (Fla. 1st DCA 1987). The interval of periodic reimbursement applicable in the instant case is one year. See § 440.49(7)(f), Fla. Stat. (1999). Because the request was filed on February 16, 1999, the limitations period began to run on February 16, 2000, and lapsed on February 16, 2004. Therefore, E/C's 2005 request for a hearing was untimely, and the 1999 request for reimbursement is barred.
Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.
DAVIS and LEWIS, JJ., concur.