PER CURIAM.
 

 In this workers’ compensation appeal, the Special Disability Trust Fund (Fund) challenges the judge of compensation claims’ (JCC’s) finding that reimbursement of the employer/carrier’s (E/C’s) 2001 reimbursement request was not barred by the statute of limitations. We agree the JCC misapplied prior case law and thus reverse the awarded reimbursement.
 

 The facts are not in dispute. The E/C timely filed a notice of claim, the first step in the reimbursement process.
 
 See
 
 § 440.49(2)(g), Fla. Stat. (Supp.1990). The Fund notified the E/C that the claim was appropriate for reimbursement in December 1996, and amended its offer of reimbursement in January 1997 to include the settlement of the claim.
 

 The Fund received the E/C’s reimbursement request, the second step in the reimbursement process on August 3, 2001. The E/C did not thereafter submit anything further to the Fund, nor did it receive any communication from the Fund until May 2008 when the Fund notified the E/C that the statute of limitations had expired on its 2001 claim for reimbursement.
 

 In rejecting the Fund’s contention that the statute of limitations barred reimbursement on the 2001 submission, the JCC erroneously equated the two steps required for reimbursement and relied on
 
 Special Disability Trust Fund v. Rescare Home Health, Inc.,
 
 930 So.2d 746 (Fla. 1st DCA 2006). In
 
 Rescare,
 
 the notice of claim was timely filed but the Fund never accepted the claim as reimbursable.
 
 Id.
 
 at 748. Because a request for reimbursement could not be submitted until the Fund determined the E/C was entitled to reimbursement, the statute of limitations did not begin to run on the E/C’s time to file the reimbursement request.
 
 Id.
 
 This court “declined, as did the JCC, to adopt additional statutes of limitations for the first step in the reimbursement process.”
 
 Id.
 

 Here, it is undisputed that the Fund accepted the claim as reimbursable, thus step one was complete. The E/C thereafter began its compliance with step two of the reimbursement process by submitting its reimbursement request in August 2001. When no reimbursement was received within one year, the E/C’s cause of action against the Fund accrued.
 
 See Associated Coca Cola v. Special Disability Trust Fund,
 
 508 So.2d 1305, 1307 (Fla. 1st DCA 1987) (holding E/C on notice at end of statutory “intervalfs] that reimbursement request for that interval have either been accepted or rejected”). Because the E/C’s contest of a denied reimbursement request is based on a statutory liability, section 95.031, Florida Statutes, provides that such an action must be instituted within four years.
 
 Id.
 
 at 1306. Based on the holding in
 
 Associated Coca Cola,
 
 the E/C’s right to contest the failure of the Fund to act on the 2001 reimbursement request expired in 2006, long before the E/C filed its 2008 application for hearing.
 

 Accordingly, the order requiring the Fund to reimburse the E/C for the 2001 reimbursement request is REVERSED.
 

 BENTON, C.J., PADOVANO and WETHERELL, JJ., concur.