701 So.2d 573 (1997)
Joe NEWMANS, Appellant,
v.
STATE of Florida, DIVISION OF RETIREMENT, Appellee.
No. 96-3634.
District Court of Appeal of Florida, First District.
September 18, 1997.
Rehearing Denied October 27, 1997.
J. Victor Africano, Live Oak, for appellant.
Jeffrey M. Dikman, Assistant Attorney General, Department of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
Appellant, Joe Newmans, appeals an order of the Division of Retirement in which the Division determined that appellant had forfeited all rights and benefits under the Florida Retirement System and ordered appellant to refund all retirement benefits paid to him prior to suspension of those benefits. We affirm.
Appellant was the elected Sheriff of Baker County for 20 years. In 1992, Federal Drug Enforcement agents began investigating illegal drug activities in Baker County. In October, 1992, appellant's campaign for re-election was unsuccessful and he began to collect retirement benefits effective January, 1993. On April 20, 1994, the federal grand jury issued a five count indictment charging appellant with one count of conspiracy to manufacture and distribute marijuana, three counts of manufacturing marijuana, and one count of conspiracy to obstruct justice.
On June 27, 1995, appellant pled guilty to Count Five of the indictment, which charges a conspiracy to obstruct justice, as a result of a negotiated plea. On September 18, 1995, the Division notified appellant of its intent to terminate his retirement benefits pursuant to sections 121.091(5)(f), and 112.3173(2)(e)3., 4. and 6., Florida Statutes. Appellant requested a formal hearing, and the controversy was forwarded to the Division of Administrative Hearings.
At the conclusion of the hearing, the hearing officer recommended that the Division *574 determine that appellant had forfeited his right to a retirement benefit under the Florida Retirement System pursuant to section 112.3173(3), Florida Statutes. Under this statute:
Any public officer or employee who is convicted of a specified offense committed prior to retirement, or whose office or employment is terminated by reason of his or her admitted commission, aid, or abetment of a specified offense, shall forfeit all rights and benefits under any public retirement system of which he or she is a member, except for the return of his or her accumulated contributions as of the date of termination.
A "specified offense" for purposes of forfeiture includes embezzlement, theft, and bribery. The hearing officer found that appellant did not commit an offense of embezzlement, theft or bribery. Section 112.3173(2)(e)6., however, provides that "specified offense" includes:
(6) The committing of any felony by a public officer or employee who, willfully and with intent to defraud the public or the public agency for which the public officer or employee acts or in which he or she is employed of the right to receive the faithful performance of his or her duty as a public officer or employee, realizes or obtains, or attempts to realize or obtain, a profit, gain, or advantage for himself or herself or for some other person through the use or attempted use of the power, rights, privileges, duties, or position of his or her public office or employment position.
The hearing officer concluded that appellant committed a "specified offense" as defined in section 112.3173(2)(e)6. The hearing officer noted that the Sheriff takes an oath of office in which he swears that he will support, protect, and defend the Constitution and government of the United States and of the State of Florida and will faithfully perform the duties of Sheriff. Based upon the charges contained in the federal indictment and the facts admitted in open court by appellant during the colloquy accompanying his guilty plea, the hearing officer found that appellant committed acts "with the willful intent to defraud the public of the right to receive the faithful performance of his duties as Sheriff of Baker County. The public had a right to expect the Sheriff to cooperate with a federal investigation and a right to expect the Sheriff not to conspire to manufacture and deliver marijuana, a crime under the laws of Florida."
The Division, in the final order, agreed that the acts committed by appellant were done in violation of his public duty as Sheriff to uphold the laws of the State of Florida and were in violation of the performance of his public duties. The Division concluded that appellant had forfeited all rights and benefits under the Florida Retirement System, and ordered appellant to refund to the Division retirement benefits paid.[1]
On appeal, appellant argues that the Division erred in ordering the forfeiture of his retirement because the facts as established below do not demonstrate, as required by the statute, that he was convicted of a felony by which he realized or attempted to realize a gain or advantage for himself or some other person "through the use or attempted use of the power, rights, privileges, debts, or position of his ... political office or employment position." § 112.3173(2)(e)6. Appellant asserts that what he did was unrelated to his position as Sheriff of Baker County, that he was one of many suspects in a federal criminal investigation, and that his role in the conspiracy was no more or less than other individuals involved in the conspiracy. Simply stated, his contention is that his position as Sheriff had nothing to do with the conspiracy to obstruct justice. We disagree.
Count Five of the indictment, to which appellant pled guilty, provided:
A. INTRODUCTION
... As the Sheriff of Baker County, NEWMANS was required by state law to enforce the laws of the State of Florida, *575 including all provisions of the Comprehensive Drug Abuse Prevention and Control Act, Florida Statutes Chapter 893. Florida Statutes Section 893.09 required NEWMANS, as duly elected Sheriff of Baker County, to enforce all provisions of Florida Statutes Chapter 893, including the provision making it unlawful to sell, purchase, manufacture, or deliver, or possess with intent to sell, purchase, manufacture, or deliver, a controlled substance. Under Florida Statutes Section 893.03, marijuana was a controlled substance.
...
B. CHARGE
From in or about Spring 1992, through in or about late 1993, at Jacksonville, Duval County, and Baker County, in the Middle District of Florida, and elsewhere, JOE NEWMANS the defendant herein, did knowingly, willfully, and intentionally combine, conspire, confederate and agree with others known and unknown to the grand jury, to commit offenses against the United States, that is:
A. To influence, obstruct, and impede, and endeavor to influence, obstruct, and impede the due administration of justice in the United States District Court for the Middle District of Florida, Jacksonville Division, and before a federal grand jury thereof, in violation of Title 18, United States Code, Section 1503; and
b. To corruptly persuade another person, and attempt to corruptly persuade another person, with intent to hinder, delay, or prevent the communication to a law enforcement officer information relating to the commission of a federal offense, that is, conspiracy to manufacture and to distribute marijuana charged in Count One of this indictment, in violation of Title 18, United States Code, Section 1512(b)(3).
C. WAYS AND MEANS
1. It was part of this conspiracy that NEWMANS would provide information to drug traffickers regarding confidential law enforcement efforts to investigate drug trafficking in Baker County by the Drug Enforcement Administration and the Florida Department of Law Enforcement.
2. It was part of this conspiracy that NEWMANS would counsel and encourage other individuals to misrepresent facts and provide false statements to law enforcement officers to prevent law enforcement from uncovering the illegal scheme so that he could continue to profit from the manufacture and distribution of marijuana.
3. It was part of this conspiracy that NEWMANS would perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.
D. OVERT ACTS
In furtherance of the aforesaid conspiracy, and to effect the objects therein, NEWMANS and others committed the following overt acts, among others, in the Middle District of Florida:
1. In or about April or May 1992, NEWMANS advised Jimmie Lowery that federal law enforcement agencies were investigating drug dealers in Baker County and instructed Lowery to relate the same information to Arnold Nettles.
2. In or about Summer 1992, NEWMANS instructed Mary Crews, the wife of James Crews, to tell James Crews that James Crews should falsely advise law enforcement that NEWMANS told James Crews about the Florida Department of Law Enforcement marijuana detection flyovers so that James Crews' chickens would not be frightened by the airplanes.
3. In or about September 1992, NEWMANS met with Benny Joe Bennett, Terry Rewis, and Arnold Nettles and advised them in substance that if Willie Ray Harrell was not cooperating with law enforcement regarding the investigation of illegal drug activities, they should come up with money for Harrell's attorney's fees.
4. A day or two after the meeting described in Overt Act No. 3, NEWMANS telephoned Arnold Nettles and advised Nettles in substance that he (NEWMANS) had picked up the money from Bennett for Harrell's attorney's fee.
5. After the telephone conversation described in Overt Act No. 4, NEWMANS provided approximately $8,000 in U.S. currency *576 to Nettles for Harrell's attorney's fees.
6. On or about October 26, 1993, Arnold Nettles advised NEWMANS in substance that he (Nettles) had to decide whether to cooperate with law enforcement regarding its investigation of illegal drug activity or fight potential drug charges. NEWMANS advised Nettles in substance to deny having any knowledge of a $4,000 payment that Willie Ray Harrell had made to NEWMANS through Nettles.
...
10. On or about December 7, 1993, NEWMANS had a conversation with Nettles in which he advised Nettles in substance to tell law enforcement that the money Nettles delivered to Melissa Harrell, the wife of Willie Ray Harrell, was for a debt Nettles owed Harrell, not for Harrell's attorney's fees, and to tell law enforcement that he (NEWMANS) never received a $4,000 payment from Willie Ray Harrell to purchase a Jeep.
In the written plea agreement, appellant entered a plea of guilty to Count Five of the indictment and certified that the facts set forth in the attached Factual Basis, which was incorporated by reference, were true. The Factual Basis contains the following facts admitted and agreed to by appellant:
In about 1985, the defendant entered in an agreement with Jimmie Lowery, James Crews, and Kenneth Crews to grow marijuana.... The defendant, Lowery, and the Crewses were involved in the cultivation and distribution of marijuana from about 1985 until the time James Crews, Kenneth Crews, and Darrell Crews were arrested on June 27, 1992.... Harrell imported into Baker County marijuana from Texas....
In about September 1992, the defendant met with Benny Joe Bennett, Terry Rewis, and Arnold Nettles to discuss Willie Ray Harrell's arrest and whether he was cooperating with law enforcement officers with respect to the ongoing drug investigation in Baker County. The defendant advised Bennett, Rewis, and Nettles in substance that if Willie Ray Harrell was not cooperating with law enforcement by providing information to them related to illegal drug activities mentioned above, they should come up with money for Harrell's attorney's fees. A day or two after the meeting, the defendant telephoned Nettles and advised Nettles that he (the defendant) had picked up the money from Rewis for Harrell's attorney's fees. Thereafter, Nettles met with the defendant and received approximately $8,000 in U.S. currency from him for Harrell's attorney's fees.... The purpose of providing the money for the attorney's fees to Harrell was to prevent him from communicating to law enforcement officers information related to the distribution of marijuana in Baker County.
At the plea colloquy, appellant stated that he had read the "WAYS AND MEANS" and the "OVERT ACTS" sections of the charge, and had also read the "INTRODUCTION" portion of the count and admitted committing the acts set forth in the charge. Appellant admitted that he was pleading guilty because he was guilty, and that he agreed to the facts as set forth in the Factual Basis. Appellant agreed that his purpose was to try to keep Harrell from cooperating with law enforcement so that they would not get to him. He was trying to keep Harrell from communicating what he knew about appellant's participation in the underlying marijuana conspiracy to law enforcement. Appellant admitted that he came to a mutual understanding with others to try to obstruct the federal grand jury investigation of illegal drug activities in Baker County.
Section 893.09(1), Florida Statutes (1991), a provision in the Florida Comprehensive Drug Abuse Prevention and Control Act which was referred to in Count V of the federal indictment, provides:
(1) The Department of Law Enforcement, all state agencies which regulate professions or institutions affected by the provisions of this chapter, and all peace officers of the state shall enforce all provisions of this chapter except those specifically delegated, and shall cooperate with all agencies charged with the enforcement of the laws of the United States, this state, and all *577 other states relating to controlled substances.
As the Sheriff of Baker County, appellant had a statutory duty to cooperate with the enforcement of laws relating to cannabis. Instead, as indicated in the facts set forth in Count V of the federal indictment, appellant provided information to drug traffickers regarding confidential law enforcement efforts, and counseled and encouraged other individuals to misrepresent facts and provide false statements to law enforcement officers. When Harrell was arrested, appellant was involved in delivery of $8,000 for Harrell's attorney's fees. Appellant testified at the plea colloquy that his reason for doing so was to keep Harrell from informing investigators about appellant's participation in the underlying marijuana conspiracy.
Contrary to Newmans' arguments on appeal, the acts committed by him in furtherance of the offense of which he was convicted, conspiracy to obstruct justice, were inseparably intertwined with his position as Sheriff. By providing information or "tip-offs" to drug traffickers regarding confidential investigations, aircraft flyovers, and other law enforcement efforts to investigate drug trafficking in Baker County, Newmans obtained or attempted to obtain the continuation of the unlawful enterprise or its profits, or both, and freedom from detection for himself and others, "through the use ... of the power, rights, privileges, duties, or position" of the office of Sheriff. It cannot be seriously argued, we believe, given the facts admitted by Newmans in his federal court plea, that Newmans did not as Sheriff acquire knowledge of on-going law enforcement activities, nor that he did not in fact use his favorable position as Sheriff and the confidential information to which he was privy by virtue of that position to perform acts and to counsel and encourage others to misrepresent and conceal facts relating to the drug trafficking scheme in which he was involved. We therefore agree with the Division's finding that the statutory criteria for forfeiture has been satisfied.
One further matter deserves brief mention. Prior to oral argument appellant filed his motion for leave to file a supplemental brief in which he raised the additional argument that the offense of which he was convicted does not constitute a felony under Florida law, contending also that this presented fundamental error cognizable by this Court notwithstanding the failure to raise the issue below or in his initial brief. We provisionally granted the motion for purposes of argument and allowed the Division to file a post-argument brief in response. After consideration of the motion and the Division's response, we conclude that the acts set forth in Count V of the federal indictment and in the factual basis to the plea agreement satisfy the elements of tampering with a witness or informant pursuant to section 914.22, Florida Statutes, not conspiracy to tamper with a witness as asserted by appellant. Tampering with a witness or informant is a third degree felony under Florida law, and a conviction of that offense in a Florida court would constitute grounds for forfeiture of retirement benefits under section 112.3173(2)(e)6., Florida Statutes. We therefore find it unnecessary to rule on the fundamental error question.
The order on appeal is AFFIRMED.
KAHN and DAVIS, JJ., and SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] The Division also determined that appellant committed bribery. Appellant challenges this determination on appeal. Because the Division conceded error on this issue in the answer brief, and resolution of this issue is not necessary based on our resolution of the other issues raised, we decline to address appellant's argument regarding bribery.