870 So.2d 844 (2003)
Orestes DESOTO, Appellant,
v.
HIALEAH POLICE PENSION FUND BOARD OF TRUSTEES, Appellee.
No. 3D03-63.
District Court of Appeal of Florida, Third District.
August 20, 2003.
*845 Slesnick & Casey and James Casey, Miami, for appellant.
Klausner & Kaufman and Adam P. Levinson and Robert Klausner (Plantation), for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
PER CURIAM.
This is an appeal of an administrative decision of the Hialeah Police Pension Fund Board of Trustees which ordered the forfeiture of the pension benefits of Orestes DeSoto under section 112.3173(2)(e)(6), Florida Statutes (2001). For the reasons which follow, we affirm.
DeSoto was employed by the Hialeah Police Department as a police sergeant. For reasons unrelated to this appeal, on September 23, 1999, Sergeant DeSoto was demoted to police officer and suspended for six months without pay effective September 28, 1999 through March 27, 2000. On October 26, 2001, a federal grand jury indicted DeSoto on several charges, including conspiracy to possess and distribute cocaine, to commit robbery, and to carry a firearm during a crime of violence, in addition to the commission of three robberies. Although the conspiracy charges listed dates that spanned a one and a half year period, the indictment indicated the substantive offenses occurred during appellant's six month suspension. At a pretrial hearing, DeSoto pled guilty to all counts charged in the indictment, admitting the facts underlying the charges as stated by the prosecutor. Soon thereafter the Pension Fund Board of Trustees commenced proceedings to forfeit DeSoto's retirement benefits under section 112.3173(2)(e)(6), Florida Statutes (2001).[1]
On appeal, DeSoto contends that the board erred in determining that his benefits were subject to forfeiture under section 112.3173(2)(e)(6) because the crimes of which he was convicted occurred while he was on suspension and thus could not be related to his duties as a police officer. In coming to its conclusion that the crimes were related to DeSoto's police duties, the *846 board relied on DeSoto's admissions during his guilty plea. The evidence summarized in the final order detailed DeSoto's involvement in each of the charged crimes. DeSoto helped plan the robbery of a 7-11 store on January 13, 2000, went into the store prior to the robbery to verify the manager's presence, and provided the mace used during the robbery. With regard to the February 5, 2000 robbery of a restaurant owner, DeSoto informed his accomplices that this individual was a drug dealer, provided surveillance prior to the robbery, contacted a police officer accomplice to notify him that the victim was leaving work so that the officer could conduct a traffic stop, and provided the handcuffs used to restrain the victim. DeSoto also suggested the target of the third robbery which occurred on February 15, 2000. He knew the owner of this bakery left work with large sums of cash. Again, when the victim left the business, DeSoto called his accomplices who followed her home where they robbed her. DeSoto also avoided capture while waiting to rob a trailer on February 19, 2000 by identifying himself as a police officer. Finally, sometime in late January or early February, 2001, DeSoto was recorded agreeing to the protection of a shipment of drugs. He advised his accomplices how to package the drugs to avoid detection and agreed to provide cover so that the cocaine could be successfully delivered.
We agree with the trial court that this evidence was sufficient to meet the statutory requirement of a nexus between the crimes charged against the public officer and his or her duties and/or position. As the board noted, the conspiracies involved in the planning of the robberies and the agreement to protect the drug shipment occurred outside the period of DeSoto's suspension. Additionally, DeSoto clearly violated his duty as a public officer to safeguard the public faith in his office. Although suspended for a period of time, DeSoto remained a public servant. We, therefore, affirm the board's conclusion that DeSoto's conviction warranted the forfeiture of his pension rights.
Affirmed.
NOTES
[1] Section 112.3173(2)(e)(6), Florida Statutes (2001), states:

"The committing of any felony by a public officer or employee, who, willfully and with intent to defraud the public or the public agency for which the public officer or employee acts or in which he or she is employed of the right to receive the faithful performance of his or her duty as a public officer or employee, realizes or obtains, or attempts to realize or obtain, a profit, gain, or advantage for himself or herself or for some other person through the use or attempted use of the power, rights, privileges, duties or position of his or her public office or employment position."