929 So.2d 24 (2006)
UNITED GRAND CONDOMINIUM OWNERS, INC., et al., Appellants,
v.
The GRAND CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 3D05-1627.
District Court of Appeal of Florida, Third District.
February 22, 2006.
Eric M. Glazer (Hallandale), for appellants.
Phillips, Eisinger & Brown and Jed L. Frankel (Hollywood), for appellee.
Before LEVY, GREEN, and FLETCHER, JJ.
FLETCHER, Judge.
This case involves a dispute between condominium unit owners and a condominium association at the Grand, a mixed use condominium complex which contains 810 *25 residential units, 141 retail units, 259 commercial units and a parking unit. Several residential unit owners organized a non-profit corporation, United Grand Condominium Owners, Inc. [U.G.C. Owners], in order to challenge the developer's continued control of the association. U.G.C. Owners contend that the association is controlled by the developer as a result of an illegal class voting system.
Considering the best defense to be an offense, the association filed an action in circuit court against U.G.C. Owners seeking injunctive relief and damages for U.G.C. Owners' passing out and posting flyers around the complex and holding meetings in the residential units. U.G.C. Owners moved to dismiss the complaint predicated upon the association's failure to satisfy a condition precedent to filing suit in circuit court, i.e., the filing of a petition with the Division of Florida Land Sales, Condominiums and Mobile Homes [the Agency] for non-binding arbitration pursuant to section 718.1255, Florida Statutes (2004). In this appeal, the U.G.C. Owners seek review of the denial of their motion seeking dismissal.
Section 718.1255(4)(a), Florida Statutes (2004), requires that "[p]rior to the institution of court litigation, a party to a dispute shall petition the division for nonbinding arbitration." "Dispute" is defined as:
"[A]ny disagreement between two or more parties that involves:
(a) The authority of the board of directors, under this chapter or association document to:
1. Require any owner to take any action, or not to take any action, involving that owner's unit or the appurtenances thereto."
§ 718.1255(1), Fla. Stat. (2004). In accordance with authority granted in the statute, the Agency had enacted a rule that no petition for arbitration would be accepted by the Agency unless the dispute arises regarding a residential cooperative or condominium, and involves a residential unit or units. Fla. Admin. Code. R. 61B-45.013(8). In fact, in a related case involving the Grand condominium, the Agency dismissed a petition for arbitration citing this rule because the Grand is a mixed use rather than a residential condominium. Cantwell v. Grand Condo. Ass'n, No. 2004-03-1188, 2004 WL 3395091 (July 1, 2004)(Mnookin, Arb.)
An administrative agency's interpretation of a statute which it is legislatively charged with administering is entitled to great weight and should not be overturned unless clearly erroneous. See, e.g., Brenner v. Department of Banking and Finance, 892 So.2d 1129 (Fla. 3d DCA 2004); Cone v. State, Dept. of Health, 886 So.2d 1007 (Fla. 1st DCA 2004). We find nothing in the Agency's rule which conflicts with its legislative mandate. We, therefore, affirm the trial court's denial of the motion to dismiss finding that Section 718.1255 is not applicable to this case.
Affirmed.