988 So.2d 731 (2008)
Thomas SIMCOX, Appellant,
v.
The CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Appellee.
No. 4D07-4638.
District Court of Appeal of Florida, Fourth District.
August 27, 2008.
*732 Patsy Zimmerman-Keenan of Genovese Joblove & Battista, P.A., Fort Lauderdale, for appellant.
Joseph H. Serota and John J. Quick of Weiss Serota Helfman Pastoriza Cole & Boniske, P.L., Coral Gables, Stephen H. Cypen and Alison S. Bieler of Cypen & Cypen, Miami Beach, for appellee.
GROSS, J.
Former police officer Thomas Simcox appeals from a final administrative decision rendered by the Board of Trustees of the City of Hollywood Police Officers' Retirement System forfeiting his retirement benefits. In federal court, Simcox pleaded guilty to the crime of conspiracy to possess heroin with intent to distribute. Because substantial competent evidence establishes that Simcox committed a "specified offense" under section 112.3173(2)(e)(6) Florida Statutes (2007), we affirm.
Simcox worked as a City of Hollywood police officer until he resigned on February 22, 2007less than a month after a federal criminal information was filed against him. The information charged Simcox with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (2007). The charges arose from an undercover sting operation conducted by the Federal Bureau of Investigation targeting corruption within the Hollywood Police Department
Simcox pleaded guilty as charged. During the plea colloquy, Simcox admitted that he provided escort services for a truck driver who was portrayed as carrying multiple kilograms of heroin. Simcox's role was "to make sure that the truck driver encountered no problems with his delivery." Simcox conceded that he, his co-conspirators, and the undercover officers "discussed the operation in detail, including the counter-surveillance techniques they would employ, and the methods they would use to ensure that the [heroin] delivery [was successful]." Simcox acknowledged that after escorting the truck, he "returned to the hotel room in Miami Beach where [he] . . . received payments for these activities." While in that hotel room, he and the co-conspirators discussed "how the operation had gone, including some of the surveillance techniques and methods they had used." The district court adjudicated Simcox guilty and sentenced him to 135 months incarceration.
After the conviction, the Board held a preliminary hearing and decided to conduct a formal hearing on whether Simcox had forfeited his retirement benefits pursuant to section 112.3173.
At the formal hearing, the Board found that Simcox had committed a "specified offense" forfeiting his retirement benefits under section 112.3173(2)(e)(4) because the acts underlying the federal crime of which Simcox was convicted would support a Florida conviction for a Chapter 838 felony under both section 838.016, unlawful compensation for official behavior, and section 838.022, official misconduct. Alternatively, the Board found that the federal conviction fell within the catch-all provision, section 112.3173(2)(e)(6).
Review of the Board's forfeiture order is governed by section 120.68, Florida Statutes (2007). See Hames v. City of Miami Firefighters' and Police Officers' Trust, 980 So.2d 1112, 1113-14 (Fla. 3d DCA 2008). The Board's final action may be set aside "only upon a finding that it is not supported by substantial competent *733 evidence in the record or that there are material errors in procedure, incorrect interpretations of law, or an abuse of discretion." Id. at 1114 (quoting Waters v. Dep't of Health, Bd. of Med., 962 So.2d 1011, 1013 (Fla. 3d DCA 2007) (citing § 120.68(7))); see also §§ 120.68(8) & (10), Fla. Stat. (2007).
The Florida Constitution and statutes provide the framework for the forfeiture of public retirement benefits. Article II, Section 8(d) of the Florida Constitution provides:
Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law.
Section 112.3173(3) implements that portion of the Florida Constitution and provides:
Forfeiture.Any public officer or employee who is convicted of a specified offense committed prior to retirement, or whose office or employment is terminated by reason of his or her admitted commission, aid, or abetment of a specified offense, shall forfeit all rights and benefits under any public retirement system of which he or she is a member, except for the return of his or her accumulated contributions as of the date of termination.
Two statutory definitions of a "specified offense" pertain to this case. First, section 112.3173(2)(e)(4) provides this meaning: "[a]ny felony specified in chapter 838, except ss. 838.15 and 838.16." Second, the "catch-all" provision of section 112.3173(2)(e)(6) defines "specified offense as,
[t]he committing of any felony by a public officer or employee who, willfully and with intent to defraud the public or the public agency for which the public officer or employee acts or in which he or she is employed of the right to receive the faithful performance of his or her duty as a public officer or employee, realizes or obtains, or attempts to realize or obtain, a profit, gain, or advantage for himself or herself or for some other person through the use or attempted use of the power, rights, privileges, duties, or position of his or her public office or employment position.
The term, "felony" means "any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or imprisonment in a state penitentiary." Hames, 980 So.2d at 1116 (citing § 775.08(1), Fla. Stat. (2006)).
On appeal, Simcox argues that the acts constituting his federal conviction are not punishable as a "specified offense" in Florida under section 112.3173. He maintains that his actions in furtherance of the drug trafficking scheme were unrelated to his position as a police officer; that he did not use his "power, rights, privileges, duties or position" as a police officer when participating in the scheme; and that his role in the scheme was merely that of an unlawful citizen.
A public officer or employee may have his pension benefits forfeited if the acts underlying the federal crime of which he was convicted or admitted to during his guilty plea would support a Florida conviction for a Chapter 838 felony or other felony described in section 112.3173(2)(e)(6). See DeSoto v. Hialeah Police Pension Fund Bd. of Trustees, 870 So.2d 844, 846 (Fla. 3d DCA 2003) (holding evidence was sufficient to meet the statutory requirement of "a nexus between the crimes charged against the public officer and his or her duties and/or position"); *734 Newmans v. State, Div. of Ret., 701 So.2d 573, 577 (Fla. 1st DCA 1997) (holding retired sheriff forfeited all rights and benefits under state retirement system upon his conviction for obstruction of justice; acts committed by defendant were "inseparably intertwined" with his position as Sheriff).
Contrary to Simcox's arguments, the record contains substantial competent evidence sufficient to support forfeiture under section 112.3173(2)(e)(6). In finding that the crime was related to Simcox's position as a police officer, the Board relied on his admissions during his plea colloquy. In that plea colloquy, Simcox admitted that he participated in a drug trafficking scheme to transport over one kilogram of heroin; his role was "to make sure the truck driver encountered no problem with his delivery"; he utilized counter-surveillance and other methods to ensure that the delivery was successful; and he received payment for his corrupt services. These concessions support the Board's conclusion that Simcox used the expertise he gained as a law enforcement officer to facilitate the scheme.
By accepting $8,000 in exchange for protecting and escorting the drug deliveryman, Simcox obtained an advantage for himself. He knowingly intended to violate the duties he owed to the public and the public agency for which he acted and was employed by committing those acts. See generally Newmans, 701 So.2d at 574 (in forfeiture action, hearing officer noted "that the Sheriff takes an oath of office in which he swears that he will support, protect, and defend the Constitution and government of the United States and of the State of Florida and will faithfully perform the duties of Sheriff."). Given these facts, the record supports the finding that Simcox obtained his monetary advantage through the use or attempted use of his privileges, experience, and duties, which were all a part of his position as a police officer. "Faithful performance" of a "duty" as a police officer under section 112.3173(2)(e)(6) does not allow an officer to traffic in drugs when off duty.
Simcox also contends that, even if we find that he used his "powers, rights, privileges, duties, or position" as a police officer, section 112.3173 is inapplicable because he participated in the Deferred Retirement Option Plan ("DROP") and was therefore "retired" prior to participating in the drug trafficking scheme. See 112.3173(3)["A]ny public officer or employee who is convicted of a specified offense committed prior to retirement . . . shall forfeit all rights and benefits under any public retirement system of which he . . . is a member." (emphasis added). DROP is a retirement program that allows certain state and county employees, including police officers, to retire without terminating their employment while retirement benefits accumulate and earn interest in an account. DROP does not change the employee's conditions of employment. When the employee's DROP period ends, he must still terminate employment. A DROP "retirement" is not a true retirement, since the employee continues to work in his job. Rather, a DROP "retirement" is an employment status that triggers entitlement to certain benefits.
We conclude that "retirement" for the purpose of DROP is different and separate from "retirement" as used in section 112.3173. Section 185.02(6), Florida Statutes (2007), defines DROP retirement solely for the "purposes of the plan." On the other hand, section 112.3173 employs the common meaning of the word "retirement." That definition is usually associated with an employee's voluntary termination of his own employment or career. BLACK'S LAW DICTIONARY (8th ed. 2004); see *735 also Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So.2d 201, 205 (Fla. 2003) ("When necessary, the plain and ordinary meaning of words can be ascertained by reference to a dictionary."). Here, Simcox remained employed as a police officer until he officially resigned in February 22, 2007, months after he committed the federal felony. He therefore was not retired for purposes of section 112.3173.
We therefore agree with the Board and find that the evidence is sufficient to meet the statutory criteria for forfeiture as there is a connection or "nexus" between the federal crime committed by Simcox and his duties as a police officer. See DeSoto, 870 So.2d at 846; Newmans, 701 So.2d at 577. As the Board noted, Simcox and his fellow police officers were chosen as the drug escorts because of their heightened knowledge of law enforcement techniques, their police training and because they "knew the enemy" (i.e. federal, state, and local law enforcement agents).
Because Simcox's federal conviction equates to a violation of section 112.3173(2)(e)(6), and his retirement benefits are forfeited pursuant to that section, we do not address whether his conviction also equates to a violation under section 112.3173(2)(e)(4).
Affirmed.
STEVENSON and MAY, JJ., concur.