LEWIS, J.
Appellant, Mark G. Bollone, seeks review of a final order of the Department of Management Services (“Department”) forfeiting all of his Florida Retirement System (“FRS”) rights and benefits, except for the return of his accumulated contributions, if any, as of the date of termination because Appellant was a public employee convicted of a specified offense committed prior to retirement pursuant to section 112.3173, Florida Statutes (2010). We affirm.
Appellant was employed as an instructor with Tallahassee Community College (“TCC”), an FRS-participating employer. By reason of this employment, Appellant was enrolled in the FRS. Appellant was assigned a computer that belonged to TCC to assist him in the performance of his job duties, such as to create curriculum, and communicate with students and faculty. Appellant did not share his faculty office with anyone, and he kept his faculty office door locked when he was not there. Although computer technicians, custodial workers, TCC police, and the Mathematics and Science Division Office had keys to Appellant’s office, they were not authorized to use Appellant’s computer.
During the execution of a search warrant at Appellant’s personal residence, Detective Robert H. Waller, Jr., of the Leon County Sheriffs Office, conducted an interview with Appellant. Following the interview, as part of the ongoing *1278 criminal investigation, Detective Waller contacted the TCC Campus Police, who elected to secure Appellant’s work computer from his faculty office. Detective Waller and a computer specialist for TCC conducted an examination of Appellant’s computer hard drive and discovered three images of child pornography. Child pornography was found among the folders associated with LimeWire, a peer-to-peer file-sharing program discovered on Appellant’s TCC computer. LimeWire was not part of the software installed by TCC, and cannot be installed accidentally, but must be downloaded with the user’s consent. LimeWire has a search feature which is used to intentionally seek out and download files. The forensic examination revealed that the downloaded images of child pornography on Appellant’s TCC computer had been accessed subsequently. E-mails, lesson plans, and other files bearing the name of Appellant and associated with TCC classes had been created close to the times the child pornography files were downloaded, which reflected that Appellant used the computer during this time.
During the ongoing criminal investigation, Appellant wrote a letter to TCC’s President in which he admitted that, “I made mistakes. I misused my time and my resources while at work. I was stupid. I understand this and I own it.” Further, Appellant stated, “I am taking steps to become a healthier person. I am getting medical/professional help for my addictive behaviors.” Later, during the administrative hearing to contest the forfeiture of his FRS benefits, Appellant stated that the addictive behaviors he was referring to in the letter were on-line “fantasy” behaviors related to sexual identity issues which he had been dealing with. TCC notified Appellant, via letter, that he was being terminated because pornography had been found on his work computer during the criminal investigation conducted by the Leon County Sheriffs Office. He was advised that the use of his TCC computer for the acquisition and/or viewing of pornography violated TCC policy 5-16 # 1 Immorality and # 2 Misconduct in office. Appellant was advised of his right to a hearing on this charge, and the method in requesting a hearing, but he did not request a hearing to contest this charge resulting in his termination from TCC. Appellant was subsequently charged by information with three counts of possession of child pornography, which are third-degree felonies, in violation of section 827.071(5), Florida Statutes (2010). Appellant pled no contest to the three counts.
The Division of Retirement of the Department notified Appellant, via letter, of its decision to forfeit his rights and benefits provided under the FRS, pursuant to section 112.3173. In the letter, the Division explained that its decision was based on Appellant’s pleas of no contest to three counts of child pornography that involved acts committed in connection with Appellant’s employment with TCC.
After Appellant filed a timely request for an administrative hearing, the case was transferred to the Division of Administrative Hearings for the assignment of an administrative law judge (“ALJ”) to conduct a formal hearing pursuant to sections 120.569 and 120.57(1), Florida Statutes (2010). Following the evidentiary hearing, the ALJ entered a recommended order finding, in pertinent part, that Appellant knowingly possessed child pornography using the TCC computer that had been assigned to him; that Appellant’s possession of child pornography was done willfully and with intent to defraud the public and TCC of the right to receive the faithful performance of his public duties as a Professor at TCC; that Appellant was aware *1279 that use of his TCC computer to acquire or view child pornography was a violation of TCC policies; that the use of the TCC computer for possession of child pornography was contrary to the faithful performance of his duty as an employee, and was a breach of the public trust; that Appellant realized or obtained, or attempted to realize or obtain, a profit, gain, or advantage to himself through the use or attempted use of the power, rights, privileges, duties, or position of his TCC employment; that Appellant possessed the child pornography for his personal gratification; and that Appellant pled no contest to three counts of possession of child pornography, which are third-degree felonies. The ALJ recommended that the Department issue a final order finding that Appellant was a public employee convicted of a specified offense committed prior to retirement pursuant to section 112.3173, and directing the forfeiture of his FRS rights and benefits, except for the return of his accumulated contributions as of the date of termination. Appellant filed no exceptions to the recommended order. The Department entered a final order adopting the recommended order in its entirety. This appeal follows.
Review of an administrative agency’s forfeiture order is governed by section 120.68, Florida Statutes (2010). Simcox v. City of Hollywood Police Officers’ Ret Sys., 988 So.2d 731, 732 (Fla. 4th DCA 2008). The Department’s final order may be set aside “‘only upon a finding that it is not supported by substantial^] competent evidence in the record or that there are material errors in procedure, incorrect interpretations of law, or an abuse of discretion.’ ” Hames v. City of Miami Firefighters’ & Police Officers’ Trust, 980 So.2d 1112, 1114 (Fla. 3d DCA 2008) (quoting Waters v. Dep’t of Health, Bd. of Med., 962 So.2d 1011, 1013 (Fla. 3d DCA 2007)); see also § 120.68(7), Fla. Stat. (2010). With respect to an agency’s interpretation based on an issue of law, appellate courts consider whether the agency erroneously interpreted the law and, if so, whether a correct interpretation compels a particular action. Rosenzweig v. Dep’t of Transp., 979 So.2d 1050, 1053 (Fla. 1st DCA 2008); see also § 120.68(7)(d), Fla. Stat. (2010). Relatedly, an agency’s interpretation of the statutes that it is charged with administering is entitled to deference unless the agency’s interpretation is clearly erroneous. Imhotep-Nguzo Saba Charter Sch. v. Dep’t of Educ., 947 So.2d 1279, 1285 (Fla. 4th DCA 2007).
“The Florida Constitution and statutes provide the framework for the forfeiture of public retirement benefits.” Simcox, 988 So.2d at 733. Specifically, Article II, section 8 of the Florida Constitution provides, in pertinent part, as follows:
A public office is a public trust. The people shall have the right to secure and sustain that trust against abuse. To assure this right:
[[Image here]]
Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law.
Art. II, § 8(d), Fla. Const. Section 112.3173(3), Florida Statutes (2010), implements article II, section 8(d) of the Florida Constitution. See Simcox, 988 So.2d at 733. This section provides as follows:
Forfeiture. — Any public officer or employee who is convicted of a specified offense committed prior to retirement, or whose office or employment is terminated by reason of his or her admitted commission, aid, or abetment of a specified offense, shall forfeit all rights and *1280 benefits under any public retirement system of which he or she is a member, except for the return of his or her accumulated contributions as of the date of termination.
(emphases added).
Section 112.8173(2)(a) provides that “ ‘[c]onviction’ and ‘convicted’ mean an adjudication of guilty by a court of competent jurisdiction; a plea of guilty or of nolo contendere; a jury verdict of guilty when adjudication of guilt is withheld and the accused is placed on probation; or a conviction by the Senate of an impeachable offense.” Appellant pled nolo contendere to three felony counts of possession of child pornography, which constitute “convictions” pursuant to section 112.8173(2)(a). A “specified offense” is defined in the statute in part to include certain felonies under chapter 838, as well as certain felonies relating to bribery, embezzlement and theft of public funds, any impeachable offense, lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age, or sexual battery upon a person less than 18 years of age. See § 112.3173(2)(e)1.-5., 7.
The ALJ properly determined that the specified offenses proscribed in sections 112.3173(2)(e)1.-5. do not apply. However, section 112.3173(2)(e)6., the “catch-all” provision, also defines a “specified offense” as follows:
The committing of any felony by a public officer or employee who, willfully and with intent to defraud the public or the public agency for which the public officer or employee acts or in which he or she is employed of the right to receive the faithful performance of his or her duty as a public officer or employee, realizes or obtains, or attempts to realize or obtain, a profit, gain, or advantage for himself or herself or for some other person through the use or attempted use of the power, rights, privileges, duties, or position of his or her public office or employment position[.]
(emphasis added); see also Simcox, 988 So.2d at 733 (identifying subsection 6 as the “catch-all” provision); Jenne v. State, Dep’t of Mgmt. Servs., Div. of Ret., 36 So.3d 738, 743 (Fla. 1st DCA 2010) (same). In construing subsection (2)(e)6., this Court has held that the term “specified offense” is defined by the conduct of the public official, not by the elements of the crime for which the official was convicted. Jenne, 36 So.3d at 741-43 (explaining that whether the crime for which the former public officer was convicted qualifies as a specified offense “depends on the way in which the crime was committed”). Thus, “any felony could qualify as a specified offense, so long as the remaining conditions in the statute have been met.” Id. at 742. For example, the crime of conspiracy to commit mail fraud “might not meet the definition [of a ‘specified offense’] if the public officer were to use the mail unlawfully in a private venture without disclosing the office held and without obtaining a benefit by virtue of the office.” Id. In contrast, this crime could meet the definition if “a public officer had used the mail to solicit a bribe in return for a favor performed at the expense of the public.” Id.
The felony counts of possession of child pornography to which Appellant pled no contest do not in and of themselves necessarily constitute a “specified offense.” Rather, the statutory conditions of the “catch-all” category set forth above must be examined and applied to the conduct of the official or the employee in making this determination. Jenne, 36 So.3d at 742. In order to constitute a “specified offense” under section 112.3173(2)(e)6., the criminal acts must be: (a) a felony; (b) committed by a public employee; (c) done willfully *1281 and with intent to defraud the public or the employee’s public employer of the right to receive the faithful performance of the employee’s duty; (d) done to obtain a profit, gain or advantage for the employee or some other person; and (e) done through the use or attempted use of the power, rights, privileges, duties, or position of Appellant’s employment.
With regards to the first two elements of the “catch-all” provision, it was uncontested in the proceedings below that Appellant was a public employee and that he pled no contest to three counts of felony possession of child pornography. Therefore, we must determine whether there is competent, substantial evidence in the record to support the ALJ’s conclusion that the other three elements of the “catch-all” provision were satisfied.
The record evidence reflects that Appellant had the exclusive right to use his computer, that he did not share his faculty office with anyone else, and that he kept his faculty office door locked when he was not there. TCC assigned him a work computer, owned by TCC, to use for work, and LimeWire was not located on the computer until after Appellant received it for work. Child pornography was downloaded onto the computer after Appellant received it for work, and it was discovered in a Lime-Wire folder. Neither LimeWire nor the images could have been accidentally downloaded onto Appellant’s computer; instead, they could only be downloaded with a user’s consent. While Appellant’s letter to TCC’s President did not state what his addictive behaviors were, he was clearly referring to his computer-related activities, and he admitted that he made mistakes. During the evidentiary hearing, Appellant stated that the addictive behaviors he was referring to in the letter were on-line “fantasy” behaviors related to sexual identity issues which he had been dealing with. Appellant was aware that use of his TCC computer to acquire or view child pornography was a violation of TCC policies. Appellant’s intentional possession of child pornography on his TCC computer was contrary to TCC’s policies and contrary to the faithful performance of his duties.
Thus, we conclude there was competent, substantial evidence in the record to support the ALJ’s conclusions that Appellant committed the felony of possession of child pornography willfully and with intent to defraud the public of the right to receive the faithful performance of his duties as a professor at TCC; that Appellant’s earlier downloading and accessing of child pornography proves his possession was done knowingly; that his intentional possession of child pornography on his TCC computer was contrary to TCC’s policies and contrary to the faithful performance of his duties; that “[t]he public and TCC had a right to expect [Appellant] would not use the computer entrusted to him for criminal activity”; and that “[t]he public was defrauded when [Appellant] used that public property to further his private interest in the possession of child pornography, a crime under the laws of Florida, and a breach of the public trust.” Moreover, the ALJ’s interpretation of the law did not result in an erroneous interpretation of the law. As such, the ALJ properly concluded that the other three elements of the “catch-all” provision were satisfied.
Appellant argues the evidence failed to show that he realized or obtained a profit, gain, or advantage for himself or some other person. We disagree. Section 112.3173(2)(e)6. does not provide that only economic gain can be considered personal gain. Jacobo v. Bd. of Trustees of Miami Police, 788 So.2d 362, 363 (Fla. 3d DCA 2001) (affirming the forfeiture of FRS benefits in a case involving a felony conviction for official misconduct in light of police officer’s false reporting in an arrest affidavit); Newmans v. State of Fla., Div. of *1282 Ret., 701 So.2d 573, 573 (Fla. 1st DCA 1997) (affirming the forfeiture of FRS benefits where the petitioner pled guilty to conspiracy to obstruct justice). The ALJ’s finding that Appellant acted for his own profit, gain, or advantage is supported by competent, substantial evidence. The record evidence reflects that Appellant possessed the child pornography for his own personal sexual gratification via use of his work-issued computer.
Further, Appellant asserts that the evidence failed to establish that he used or attempted to use the power, rights, privileges, duties, or position of his public employment position. This argument lacks merit. As previously noted, the record contains competent, substantial evidence supporting the ALJ’s finding that Appellant used or attempted to use the power, rights, privileges, duties, or position of his public employment position. His use of the public computer was a power, right, and privilege of his position that he exercised to possess child pornography. In fact, but for the power, rights, privileges, or duties of Appellant’s public employment, Appellant would not have been able to use his TCC work computer to acquire, possess, or view child pornography.
Therefore, the record evidence established that Appellant’s possession of child pornography on a computer owned by TCC and assigned to him for the purposes of performing his employment duties was a “specified offense” within the meaning of the forfeiture statute. Accordingly, Appellant’s rights and benefits under the FRS were properly forfeited in accordance with Florida law.
AFFIRMED.
DAVIS and MAKAR, JJ., concur.