NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEMETRIO RIVERA, )
)
      Appellant, )
)
v. )      Case No.  2D15-1382
)
BOARD OF TRUSTEES OF THE CITY )
OF TAMPA'S GENERAL )
EMPLOYMENT RETIREMENT FUND, )
)
      Appellee. )
_____ )

Opinion filed February 26, 2016.

Appeal from the Board of Trustees of the
City of Tampa's General Employment
Retirement Fund.

Mark F. Kelly and Robert F. McKee of Kelly
& McKee, P.A., Tampa, for Appellant.

Luis A. Santos of Ford & Harrison, LLP,
Tampa, for Appellee.


WALLACE, Judge.

          Demetrio Rivera challenges a final order of the Board of Trustees of the

City of Tampa's General Employment Retirement Fund (the Board) that forfeited his

retirement benefits.  Because the proof of one of the critical elements underlying the

forfeiture order is based entirely on hearsay evidence and, therefore, the forfeiture order is not supported by competent, substantial evidence, we reverse.

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

Mr. Rivera was employed by the City of Tampa for many years and had earned benefits under the City's retirement plan. In January 2015, the Board issued a notice of proposed agency action to Mr. Rivera. The notice informed Mr. Rivera that the Board intended to enter an order terminating and forfeiting all of his accrued retirement benefits in accordance with section 112.3173, Florida Statutes (2014). In particular, the Board alleged that Mr. Rivera had committed specified offenses as described in section 112.3173(2)(e)(7). Mr. Rivera responded and notified the Board that he wished to challenge the proposed forfeiture of his retirement benefits, and the Board scheduled an evidentiary hearing on the matter. Mr. Rivera was represented by counsel at the hearing; Mr. Rivera himself appeared telephonically.

At the conclusion of the final hearing, the Board made the following findings of fact:

> 1. During his employment with the City of Tampa ("City"), Rivera was a member of the Retirement Plan for the City of Tampa General Employees (the "Plan").
>
> 2. As a City employee working for the Wastewater Department, Rivera was issued a set of keys which gave him access to the City's wastewater pump stations.
>
> 3. On April 4, 2013, Rivera was arrested at the City of Tampa Woodlands Wastewater Pump Station where he was present with a minor victim.
>
> 4. During the related police investigation, it was discovered that on multiple occasions Rivera used his City issued keys to access City property (pump stations) to engage in unlawful sexual acts with several minor victims.

5. The City terminated Rivera's employment on May 9, 2013.

6. Rivera worked for the City for 26 years prior to his termination.

7. On July 8, 2014, Rivera plead [sic] guilty to multiple counts of unlawful sexual conduct with minors. Specifically, Rivera pled guilty to the following relevant counts:

- Lewd or lascivious battery of a victim age 12 to 15 (2 counts)

- Unlawful sexual activity with certain minors age 16 to 17 (1 count)

- Lewd or lascivious molestation of a victim age 12 to 15 (4 counts)

8. These crimes were committed during Rivera's employment with the City (and prior to his retirement).

Based on these findings of fact, the Board concluded as a matter of law that Mr. Rivera had pleaded guilty to and had been convicted of specified offenses as defined in section 112.3173(2)(e)(7). The Board also concluded that Mr. Rivera had committed the offenses in question through the use or attempted use of power, rights, privileges, duties, or public employment position, for example, his use of the City keys issued to him to enter City property. Accordingly, the Board decided that Mr. Rivera's rights, privileges, and benefits under the Plan were required to be forfeited in accordance with section 112.3173(3) and entered an order of forfeiture. This appeal followed.[1]

## II. THE LAW APPLICABLE TO THE PROPOSED FORFEITURE

---

[1]We have jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(1)(C), section 112.3173(5)(b), and section 120.68, Florida Statutes (2014).

- 3 -

Our review of the Board's forfeiture order is governed by section 120.68, Florida Statutes (2014). Bollone v. Dep't of Mgmt. Servs., Div. of Ret., 100 So. 3d 1276, 1279 (Fla. 1st DCA 2012). We may set aside the Board's order "only upon a finding that it is not supported by substantial competent evidence in the record or that there are material errors in procedure, incorrect interpretations of law, or an abuse of discretion." Waters v. Dep't of Health, Bd. of Med., 962 So. 2d 1011, 1013 (Fla. 3d DCA 2007) (citing § 120.68(7)); see also § 120.68(8) & (10).

"The Florida Constitution and statutes provide the framework for the forfeiture of public retirement benefits." Simcox v. City of Hollywood Police Officers' Ret. Sys., 988 So. 2d 731, 733 (Fla. 4th DCA 2008). Article II, section 8(d) of the Florida Constitution provides, "Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law." Section 112.3173(3) implements the constitutional provision as follows:

> **Forfeiture**.—Any public officer or employee who is convicted of a specified offense committed prior to retirement, or whose office or employment is terminated by reason of his or her admitted commission, aid, or abetment of a specified offense, shall forfeit all rights and benefits under any public retirement system of which he or she is a member, except for the return of his or her accumulated contributions as of the date of termination.

The definition of a "specified offense" applicable to this case is section 112.3173(2)(e)(7), which provides as follows:

> The committing on or after October 1, 2008, of any felony defined in s. 800.04 against a victim younger than 16 years of age, or any felony defined in chapter 794 against a

victim younger than 18 years of age, by a public officer or employee through the use or attempted use of power, rights, privileges, duties, or position of his or her public office or employment position.

See also § 794.09, Fla. Stat. (2014); § 800.05, Fla. Stat. (2014). The Board had the burden of proving that Mr. Rivera's retirement benefits under the Plan should be forfeited. See Espinoza v. Dep't of Bus. & Prof'l Reg., 739 So. 2d 1250, 1251 (Fla. 3d DCA 1999).

Under the foregoing statutory framework, the Board was required to prove the following elements: (1) that Mr. Rivera was a public officer or employee; (2) that Mr. Rivera had committed either any felony defined in section 800.04 against a victim younger than sixteen years of age or any felony defined in chapter 794 against a victim younger than eighteen years of age; (3) that the offense or offenses were committed on or after October 1, 2008; and (4) that Mr. Rivera had committed the offense or offenses in question through the use or attempted use of power, rights, duties, or position of his public employment position. Accordingly, it was not sufficient for the Board to prove merely that Mr. Rivera had committed one of the offenses in question against a victim younger than the designated ages. The Board also had to prove that Mr. Rivera had committed the offense or offenses through the use or attempted use of his power, rights, duties, or position as an employee of the City. Stated differently, the Board had to establish the existence of a "nexus" between the offense or offenses committed and Mr. Rivera's position as a City employee. Although there are no reported cases discussing the nexus requirement in the context of section 112.3173(2)(e)(7), there are several reported cases that address this issue in the context of the so-called "catchall" provision set forth in section 112.3173(2)(e)(6). See Bollone 100 So. 3d at 1281-82;

Jenne v. State, Dep't of Mgmt. Servs., Div. of Ret., 36 So. 3d 738, 742-43 (Fla. 1st DCA 2010); Simcox, 988 So. 2d at 734; DeSoto v. Hialeah Police Pension Fund Bd. of Trs., 870 So. 2d 844, 845-46 (Fla. 3d DCA 2003); Newmans v. State, Div. of Ret., 701 So. 2d 573, 577 (Fla. 1st DCA 1997); Bullock v. State Bd. of Admin., No. 14-2616, 2014 WL 4960358, at *4 (Fla. Div. of Admin. Hgs. Sept. 30, 2014).

## III. THE EVIDENCE PRESENTED

The Board did not present any witness testimony at the hearing. Thus none of the victims of Mr. Rivera's offenses testified. Instead, the Board's case against Mr. Rivera consisted entirely of documentary evidence. The documents received in evidence were as follows: (1) copies of police files concerning Mr. Rivera's offenses; (2) copies of various documents from the court files regarding the criminal prosecution of Mr. Rivera; and (3) copies of Mr. Rivera's personnel file. Although Mr. Rivera testified at the hearing, he denied that he had used the keys issued to him by the City to commit any of the offenses with the minor victims on City property.

The police files introduced into evidence included investigative reports prepared by the officers assigned to investigate Mr. Rivera's offenses. The police files also included lengthy transcripts of interviews with the minor victims. Information contained in these materials indicated that Mr. Rivera had in fact used his City-issued keys to access various facilities where several of the incidents involving sexual activity with the minor victims had occurred.

The materials from the court files regarding the prosecution of Mr. Rivera included, for each of several cases, the Uniform Plea, Acknowledgment and Waiver of Rights forms signed by Mr. Rivera, and the judgment and sentences imposed for the

offenses for which he was convicted. The plea forms and the judgments established that Mr. Rivera had pleaded guilty to the offenses in question.

Mr. Rivera's personnel file was voluminous, and it contained a variety of materials that were not pertinent to the issue before the Board. However, the personnel file also included a "Notice of Disciplinary Action" form dated May 9, 2013, stating that the City was dismissing Mr. Rivera from his employment for "neglect of duty" and "moral turpitude." In this regard, the Notice stated, in pertinent part, as follows:

> Through the investigation, information has determined that you frequently misused your City of Tampa vehicle in your pursuit and contact with female minors. This included being on City of Tampa property and misuse of your authority, including use of City issued keys to access City property and pump stations for personal use (non-City use) and for unlawful and inappropriate purposes, all of which was admitted and verified in the investigation.

Mr. Rivera's supervisor and the department director (or designee) had signed the Notice. Although Mr. Rivera had also signed the Notice, the preprinted portion of the document informed the employee that "[y]our acknowledgment of receipt does not indicate agreement."

## IV. DISCUSSION

The sole question that we are called upon to determine in this appeal is whether the forfeiture order is supported by competent, substantial evidence. Undoubtedly, the Board established the first three elements of its case for forfeiture under section 112.3173(2)(e)(7). Mr. Rivera's status as a public employee was not disputed. The certified copies of his guilty pleas and the judgments and sentences proved that he had committed seven of the requisite offenses. See Kelly v. Dep't of Health & Rehab. Srvcs., 610 So. 2d 1375, 1377 (Fla. 2d DCA 1992) (stating that where

a judgment and sentence is based upon a guilty plea, "a defendant is estopped from denying his guilt of the subject offense in a subsequent civil action").  It was undisputed that Mr. Rivera had committed his offenses after October 1, 2008.  With regard to the fourth element that the Board had to prove to support the forfeiture order, i.e., the nexus between Mr. Rivera's position as a City employee and his commission of the offenses, Mr. Rivera argues that the Board failed to introduce any proof other than inadmissible hearsay.  Accordingly, we must examine the Board's proof on the fourth element and the sufficiency of the evidence to support the forfeiture order.

In administrative proceedings such as the one conducted by the Board, section 120.569(2)(g) provides:

> Irrelevant, immaterial, or unduly repetitious evidence shall be excluded, but all other evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida.  Any part of the evidence may be received in written form, and all testimony of parties and witnesses shall be made under oath.

Furthermore, in such proceedings, "[h]earsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." § 120.57(1)(c); see also Sunshine Chevrolet Oldsmobile v. Unemployment Appeals Comm'n, 910 So. 2d 948, 950 (Fla. 2d DCA 2005); Yost v. Unemployment Appeals Comm'n, 848 So. 2d 1235, 1237 (Fla. 2d DCA 2003).  With these evidentiary principles in mind, we turn to a consideration of the evidence presented at the hearing to prove the fourth element of the Board's case for forfeiture.

The certified copies from the files of the criminal cases established that Mr. Rivera had committed one or more of the requisite offenses. However, the elements of the requisite offenses did not include any matters regarding the required nexus between Mr. Rivera's use of his position as a City employee and the commission of the offenses. Notably, the materials drawn from the court files did not include a transcript of the plea colloquy between Mr. Rivera and the trial court. A statement of the factual basis for the pleas in accordance with the requirements of Florida Rule of Criminal Procedure 3.172(a) in the plea colloquy might have included information about how and where the offenses were committed. But no transcript of the plea colloquy was included in the materials presented.

The police reports and the transcripts of the interviews with the minor victims did include information about Mr. Rivera's use of his City-issued keys to access property owned by the City where he allegedly committed some of the offenses for which he was convicted. But none of the victims testified at the hearing. The police reports and the transcripts of the witness interviews were clearly hearsay that would not be admissible over objection in civil actions. See Carter v. State, 951 So. 2d 939, 943-44 (Fla. 4th DCA 2007) (holding that a victim's affidavit attached to a police report was "classic hearsay" and "[did] not fit within the business or public records exception to the hearsay rule"). We have not overlooked that when the police officers arrested Mr. Rivera on April 4, 2013, he was on City property and in the company of an underage female. Mr. Rivera would almost certainly have used his City-issued keys to gain access to the property where he was arrested. However, the Board did not present any

evidence that Mr. Rivera committed an offense under chapter 794 or under section 800.04 on the date of his arrest.

In support of the forfeiture order, the Board relies on its own Notice of Disciplinary Action as the necessary nonhearsay evidence of the fourth element. The Board points out that the Notice "specifically states that the investigation that led to [Mr. Rivera's] termination revealed that he used his City issued keys to access City pump stations for his personal use and for unlawful and inappropriate purposes." The Board's characterization of its own Notice is accurate as far as it goes. Nevertheless, the person or persons who performed the investigation for the Board did not testify at the hearing. And, for the most part, the information in the Notice had to be gathered from other sources, and it was not based on personal knowledge. Thus the information in the Notice constitutes double or triple hearsay that would not be admissible over objection in civil actions. See § 90.805; Holborough v. State, 103 So. 3d 221, 223 (Fla. 4th DCA 2012); J.B.J. v. State, 17 So. 3d 312, 319 (Fla. 1st DCA 2009); Harris v. Game & Fresh Water Fish Comm'n, 495 So. 2d 806, 808-09 (Fla. 1st DCA 1986).

## V. CONCLUSION

All of the evidence in the record on the fourth element of the forfeiture case was hearsay that would not be admissible in evidence over objection in civil actions. It follows that the forfeiture order is not supported by competent, substantial evidence and that it must be set aside. For this reason, the forfeiture order must be reversed. See Cash v. Fla. Real Estate Comm'n, 176 So. 2d 518, 520 (Fla. 2d DCA 1965); Sheriff of Broward Cty. v. Stanley, 50 So. 3d 640, 644 (Fla. 1st DCA 2010); Scott v. Dep't of Prof'l Reg., 603 So. 2d 519, 520 (Fla. 1st DCA 1992); Harris, 495 So. 2d at

809.  On remand, the Board shall enter an order restoring to Mr. Rivera his benefits under the Plan.  The order shall also provide for the payment to Mr. Rivera of any past due benefits with interest.

Reversed and remanded with directions.


KHOUZAM and SLEET, JJ., Concur.