PER CURIAM.
 

 The appellant, the Sheriff of Broward County, appeals an order of the Florida
 
 *641
 
 Public Employee Relations Commission (PERC) finding that the Sheriff violated sections 447.501(1)(a) and (b), Florida Statutes, when it declined to rehire appellee Jeffrey Stanley. The Sheriff raises two issues on appeal: (1) whether PERC’s finding that the Sheriff violated section 447.501(1)(a) was error because Stanley was a job applicant, not an employee, when the Sheriff declined to rehire him; and (2) whether PERC erred in finding that the Sheriff violated section 447.501(1)(b) by not rehiring Stanley because of his union activities as opposed to his political involvement. We hold that Stanley as a job applicant is not a public employee within the plain meaning of section 447.501(l)(a) and that PERC lacked competent substantial evidence to support its finding that Stanley was not rehired because of his union involvement in violation of section 447.501(l)(b). We therefore reverse PERC’s order on both grounds.
 

 Facts and Procedural History
 

 Stanley worked as a certified detention deputy for the Sheriffs Office from February 2001 to December 2007, when he resigned to accept an outside position. During his employment'by the Sheriffs Office and all periods relevant to this case, Stanley was a member of the Federation of Public and Private Employees (Union). In April or May 2008, Stanley applied to be rehired by the Sheriffs Office in his former position. A human resources representative informed Stanley that a policy required employees who are rehired to be paid at “step two,” which is a lower rate of pay than Stanley received before resigning from the Sheriffs Office. Stanley discussed the policy with Lieutenant Benjamin, the executive officer to the Sheriff of Broward County, A1 Lamberti, and sent emails to Sheriff Lamberti requesting a meeting to discuss the pay grade. Stanley also contacted Union representative Tony Olive; Olive spoke with Tony Fenoy, director of the Union’s bargaining unit, regarding the policy. Both Olive and Fenoy contacted the Sheriffs Office several times on Stanley’s behalf.
 

 While Stanley and representatives of the Union were in discussions with the Sheriffs Office regarding the rate of pay, Stanley’s application for rehire was deactivated. Upon learning of the deactivation, Stanley agreed to accept a “step two” salary, and the Sheriffs Office reactivated his application. On September 25, 2008, Stanley received a conditional offer of employment pending successful completion of a background check and other requirements.
 

 At the same time Stanley was seeking approval of his application, Sheriff Lam-berti was running for re-election against challenger Scott Israel. The Union endorsed Israel. Union representatives told Stanley that supporting Israel could help Stanley obtain a review of his salary if Israel were elected.
 

 Also during this time, the Union had declared an impasse in a wage dispute unrelated to Stanley. On October 15, 2008, Stanley exited the Sheriffs Office after dropping off paperwork for his background check. About 500 Union members were picketing in front of the Sheriffs Office regarding the impasse. Union representatives participating in the picket asked Stanley to join them, and Stanley did so. At the picket, Stanley learned about a debate between Sheriff Lamberti and Israel that evening. Stanley attended the debate wearing a pro-Israel T-shirt he received from Union members at the picket. A Sheriffs Office photographer took photos of the Union picketers and Union members at the debate. Stanley is identifiable in some of the photos. Stanley also handed out pro-Israel leaflets at a polling place at the direction of Union representatives.
 

 
 *642
 
 On November 4, 2008, Sheriff Lamberti won re-election. On November 14, a human resources representative wrote in an e-mail to Stanley that she received the completed background check on Stanley and planned to rehire Stanley in December. On December 4, 2008, Stanley received a call from Lieutenant Benjamin, who told Stanley that the Sheriff was not going to rehire him because he had supported Israel.
 

 After Stanley received a letter from human resources stating he was no longer being considered for re-employment, he filed an unfair labor practice charge with PERC, alleging the Sheriff discriminated against him because of his political activities and Union involvement. At an eviden-tiary hearing on July 31, 2009, Stanley testified that during their December 4, 2008, telephone call, Lieutenant Benjamin blamed the Union for getting Stanley involved in the Israel campaign:
 

 [Stanley]: It was maybe thirty, forty five minutes later, Lieutenant Dave Benjamin, the Executive Officer to the Sheriff called me to discuss the fact that they were not going to re hire me because BSO had a photograph of me wearing a Scott Israel for Sheriff T-shirt.
 

 Q: Did he tell you where that photo came from?
 

 A: He did not.
 

 Q: Did he say anything else during that conversation?
 

 A: Yes, he did. He blamed the Union, for me listening to the Union and doing the things the Union asked me to do.
 

 On January 26, 2010, PERC issued a final order concluding the Sheriff violated sections 447.501(l)(a) and (b) for failing to rehire Stanley because of his Union activities. PERC ordered the Sheriff to cease and desist from declining to rehire Stanley.
 

 Whether the Sheriff Violated Section 447.501(l)(a), Florida Statutes
 

 The Sheriff argues that because section 447.501(l)(a) only applies to public employees and Stanley was not a public employee when the Sheriff declined to rehire him, the Sheriff could not have violated section 447.501(l)(a).
 

 Section 447.501(l)(a) provides that,
 

 (1) Public employers or their agents or representatives are prohibited from:
 

 (a) Interfering with, restraining, or coercing
 
 public employees
 
 in the exercise of any rights guaranteed them under this part.
 

 (Emphasis added.) “Public employee” is defined by section 447.203(3), Florida Statutes, as any person employed by a public employer except appointed or elected persons, military employees, negotiating representatives, managerial or confidential employees, employees of the Florida Legislature, criminal inmates, fruit and vegetable inspectors, employees of the Public Employees Relations Commission, and undergraduate state university students who conduct part-time work for the university. Contrary to PERC’s finding, at the time of his application for rehire, Stanley was not a public employee within the section 447.203(3) definition.
 

 While PERC’s interpretation of section 447.501(1)(a) is entitled to deference,
 
 BellSouth Telecommunications, Inc. v. Johnson,
 
 708 So.2d 594, 596 (Fla.1998), a court need not defer to an agency’s construction of a statute “if the agency’s interpretation conflicts with the plain and ordinary meaning of the statute.”
 
 Florida Hosp. v. Agency for Health Care Admin.,
 
 823 So.2d 844, 848 (Fla. 1st DCA 2002). Under the plain and ordinary meaning of the term “public employee” as used in section 447.501(1)(a), “interfering with, restraining, or coercing” a job applicant who
 
 *643
 
 is not a public employee does not violate section 447.501(l)(a). Because Stanley was not a public employee at the time the Sheriff declined to rehire him, PERC erred by finding the Sheriff violated section 447.501(1)(a).
 
 See Daniels v. Florida Department of Health,
 
 898 So.2d 61, 64 (Fla.2005) (“When the statute is clear and unambiguous, courts will not look behind the statute’s plain language_”).
 

 In support of its interpretation, PERC relied on
 
 Southwest Florida Police Benevolent Ass’n v. City of Bradenton,
 
 9 FPER ¶ 14100 (1983),
 
 aff'd,
 
 440 So.2d 358 (Fla. 2d DCA 1983). In
 
 Southwest Florida,
 
 the City of Bradenton discharged a managerial employee who was excluded from the definition of a public employee for the purposes of Chapter 447, Part II, for refusing to discriminate against subordinates who belonged to a union.
 
 Id.
 
 at 189. Under those facts, PERC held that the dismissal or discipline of a managerial employee violates section 447.501(l)(a) when it indicates restraint and coercion of employees who
 
 are
 
 public employees under Chapter 447, Part II.
 
 Id.
 
 at 193;
 
 see also
 
 § 447.203(3)(d), Fla. Stat. (noting that managerial employees do not meet the definition of public employees). PERC held that in order to establish a violation of section 447.501(l)(a), the charging party must show that public employees know the individual was disciplined or discharged for unlawful reasons.
 
 Id.
 

 We reject the rationale in
 
 Southwest Florida
 
 for two reasons. First, PERC’s interpretation in that case conflicts with the plain and ordinary meaning of section 447.501(l)(a). In
 
 Southwest Florida,
 
 PERC looked to the National Labor Relations Act for guidance in its interpretation; however, the Florida Legislature knows how to extend protection to job applicants,
 
 see
 
 § 447.501(l)(b), Fla. Stat., but it specifically limited the application of section 447.501(l)(a) to public employees.
 

 Second, we decline to adopt the broad interpretation of
 
 Southwest Florida
 
 because a separate statute, section 447.17, Florida Statutes, provides a remedy to individuals who are not public employees for discrimination based on their union activities:
 

 (1) Any person who may be denied employment or discriminated against in his or her employment on account of membership or nonmembership in any labor union or organization shall be entitled to recover from the discriminating employer ... such damages as he or she may have sustained and the costs of suit....
 

 [[Image here]]
 

 (3) The remedy and relief provided for by this section shall not be available to public employees as defined in [Chapter 447, Part II.]
 

 § 447.17, Fla. Stat. The existence of this separate remedy further demonstrates that section 447.501(l)(a) does not apply to job applicants such as Stanley.
 

 Finally, we decline to follow
 
 Southwest Florida
 
 because the policy rationale in that case is not present here.
 
 Southwest Florida
 
 held that an employer violates section 447.501(l)(a) by dismissing or disciplining an employee who is not a public employee if doing so interferes with, restrains, or coerces public employees. Here, Stanley was not an employee, and there is no evidence that any public employees experienced interference, restraint, or coercion as a result of the Sheriffs decision not to rehire Stanley. Therefore, because Stanley was not a public employee and because we decline to follow
 
 Southwest Florida,
 
 we find the Sheriff did not violate section 447.501(l)(a) by declining to rehire Stanley.
 

 
 *644
 
 Whether the Sheriff Violated Section 447.501(l)(b), Florida Statutes
 

 The Sheriffs Office argues that because it declined to rehire Stanley due to Stanley’s support of Scott Israel, and not because of Stanley’s Union activities, PERC erred by finding it violated section 447.501(1)(b). We review findings of fact made by an agency under a competent substantial evidence standard. § 120.68(10), Fla. Stat.;
 
 Legal Envtl. Assistance Foundation, Inc. v. Clark,
 
 668 So.2d 982, 987 (Fla.1996).
 

 Section 447.501(l)(b) prohibits employers from, among other things, discouraging membership in any employee organization through discrimination in hiring:
 

 (1) Public employers or their agents or representatives are prohibited from:
 

 [[Image here]]
 

 (b) Encouraging or discouraging membership in any employee organization by discrimination in regard to hiring, tenure, or other conditions of employment.
 

 Therefore, in order to establish a violation of section 447.501(l)(b), a party must show that the employer engaged in discrimination in hiring decisions, tenure, or other conditions of employment that was intended to encourage or discourage membership in a union.
 

 Here, there was no competent substantial evidence showing that the Sheriff declined to rehire Stanley because of an intent to discourage involvement with the Union. The evidence shows that a Sheriffs Office employee photographed Union picketers and Israel rally attendees, including Stanley. And while knowledge and intent may be proven by circumstantial evidence,
 
 Goin v. Comm’n on Ethics,
 
 658 So.2d 1131, 1135 (Fla. 1st DCA 1995), in this case, aside from hearsay evidence, there is no record evidence that the Sheriff or any decision maker in the Sheriffs Office was aware of the photographs or based the decision not to rehire Stanley on the existence of the photographs. Therefore, the photographs are not competent substantial evidence of discriminatory intent.
 

 Stanley further argues that the photos along with his testimony provided competent substantial evidence to support PERC’s conclusion. Stanley testified that Lieutenant Benjamin said the Sheriff declined to rehire him because of his support for Israel and that the Union was to blame; however, this testimony tends to support the Sheriffs argument that it failed to rehire Stanley because of his support of Israel, not because of his involvement with the Union. Furthermore, Stanley’s testimony regarding Benjamin’s comments is hearsay. While hearsay is admissible in administrative cases to supplement or explain evidence, hearsay alone is not competent substantial evidence.
 
 Forehand v. Sch. Bd. of Gulf County,
 
 600 So.2d 1187, 1191 (Fla. 1st DCA 1992);
 
 see also
 
 § 120.57(l)(c), Fla. Stat. Accordingly, the hearsay evidence offered by Stanley, without other competent substantial evidence, is insufficient as a matter of law.
 

 Because we conclude that Stanley was not a public employee and he failed to show by competent substantial evidence that the Sheriff declined to rehire him as a result of his Union activities, PERC erred by finding the Sheriff violated sections 447.501(l)(a) and (b). Accordingly, we reverse and vacate PERC’s decision.
 

 REVERSED.
 

 HAWKES, C.J., ROBERTS, and ROWE, JJ., concur.